■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GEORGE KONYACK, Appellant. — Appeal from a judgment of the County Court of Broome County (Coutant, J.), rendered October 19, 1981, convicting defendant upon his plea of guilty of the crime of criminal possession of a controlled substance in the second degree. In February of 1980, while investigating a narcotics distribution organization, the Broome County District Attorney obtained a warrant for a wiretap on a telephone located in the home of one Philip Di Orio. Interception and recording began on February 13, 1980 and continued until February 27, 1980. Based upon information obtained from the wiretap, the police obtained a warrant to search defendant's home. On February 27, 1980, police officers conducted the search and seized a quantity of cocaine. Defendant was indicted and charged with criminal possession of a controlled substance in the second degree, criminal possession of a controlled substance in the third degree and conspiracy in the fourth degree. The wiretap resulted in indictments against eight other individuals and a motion was made to suppress the evidence obtained through the wiretap on the ground that the police officers executing the warrant failed to adequately minimize the interception of nonpertinent conversations. That motion was denied by order dated August 19, 1981. Thereupon, defendant pleaded guilty to second degree criminal possession of a controlled substance, a class A-II felony, and was sentenced to an indeterminate term of imprisonment of four years to life. Defendant has appealed from the judgment of conviction. Defendant contends that the wiretap was not conducted in accordance with the minimization requirement of CPL 700.30 (subd 7)[*] and that, therefore, the intercepted communications should have been suppressed. Defendant does not challenge the validity of the eavesdrop warrant; rather, he contends that minimization was not actually achieved since the surveillance procedures utilized by the monitoring police officers did not adequately insure that the smallest practicable number of calls not pertinent to the criminal investigation were intercepted. Initially, we must deal with the issue of standing, since defendant did not own the telephone which was wiretapped or the premises on which it was located. Unquestionably, a party to an intercepted telephone conversation has standing to challenge the admissibility of the contents of the conversation (CPL 710.20, subds 2, 5; CPLR 4506, subd 2). Defendant would have us go further and hold that a party to an intercepted telephone conversation has standing to challenge the entire wiretap investigation, including the interception of communications to which he was not a party. This we cannot do. In *People v Edelstein* (54 NY2d 306), the Court of Appeals held that a defendant has no standing to raise a minimization challenge to third-party telephone conversations to which he was not a party (*id.*, at p 309). Applying this principle to the instant case, defendant does not have standing to litigate the procedures used by the police to minimize the interception of calls made to and from the Di Orio household

---

[*] CPL 700.30 (subd 7) requires that an eavesdropping warrant contain a "provision that the authorization to intercept * * * shall be conducted in such a way as to minimize the interception of communications not otherwise subject to eavesdropping under this article".

which were not pertinent to the criminal investigation. This is not to say that defendant cannot raise any minimization issue. If telephone conversations to which he was a party were not pertinent to the criminal investigation and would not have been intercepted had reasonable minimization procedures been followed, defendant would have standing to challenge the admissibility of those conversations (see *People v Weiss,* 63 AD2d 662, affd 48 NY2d 988). Here, defendant does not contend that any of his telephone calls would not have been intercepted had appropriate minimization been followed. Therefore, we conclude that defendant has no standing to raise a minimization challenge to the wiretap investigation. Defendant also contends that his guilty plea was not knowingly and voluntarily made. This contention is belied by the plea minutes which clearly indicate that defendant voluntarily pleaded guilty and was fully aware of the consequences of the plea. It is apparent that defendant pleaded guilty to avoid a harsher sentence in the event he was tried and convicted on all three counts of the indictment. Such motive does not render the plea invalid (see *North Carolina v Alford,* 400 US 25; *People v Serrano,* 15 NY2d 304, 310). The fact that defendant discharged his retained attorney on the day of sentencing because the attorney allegedly did not adequately represent him in no way evidences a lack of voluntariness to the plea. Defendant's contention that cocaine is improperly designated as a narcotic by article 220 of the Penal Law is without merit (see *People v Piccoli,* 62 AD2d 1078), as is his argument that nonprohibited substances mixed with a narcotic cannot be included in determining the aggregate weight of the controlled substance for the purpose of defining the degree of the crime (see *People v La Porta,* 56 AD2d 983). Finally, defendant's contention that the sentence imposed is excessive is without merit. The maximum term of life imprisonment is mandated by statute (Penal Law, § 70.00, subd 2, par [a]). The minimum term could have been from three to eight and one-third years (Penal Law, § 70.00, subd 3, par [a], cl [ii]) and the trial court's imposition of a four-year minimum cannot be considered an abuse of discretion. Judgment affirmed. Mahoney, P. J., Kane, Main, Yesawich, Jr., and Weiss, JJ., concur.