■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FRED D. EARL, Appellant.—Kane, J. Appeal from a judgment of the County Court of Ulster County (Vogt, J.), rendered August 7, 1987, convicting defendant upon his plea of guilty of the crime of criminal possession of a controlled substance in the second degree.

On October 12, 1986, Detective Michael Andrews of the Ulster County Sheriff's Department applied for a warrant to search the "residence of Fred Earl Jr." The warrant application was based primarily on information Andrews gathered from informants Gregory Auchmoody and William Schwarz.

Andrews' affidavit states that on October 12, 1986, at about 7:50 A.M., a Deputy Sheriff stopped Auchmoody's car, searched it and discovered about one pound of marihuana. After his arrest, Auchmoody was questioned by Andrews and said that the marihuana belonged to Schwarz, that at 6:00 A.M. that day he had dropped off Schwarz at Hoagerburgh Road in the Town of Shawangunk, Ulster County, and that he overheard Schwarz say that "he was going to Fred's house to pick up a bag".

Andrews' affidavit also relates that on October 12, 1986, after being read his *Miranda* warnings, Schwarz told Andrews that the marihuana was his, that he had bought it that morning at 6:00 A.M. at the residence of Fred Earl, Jr., on Hoagerburgh Road and that he had bought marihuana from Earl 2 or 3 times before.

Andrews' affidavit does not indicate that the informants provided any further description of Fred Earl, Jr., or the property to be searched, but his warrant application states that marihuana would be found at "the residence of Fred Earl Jr. residing at a two story wooden structure, brown in color located at Hoagerburgh Rd Town of Shawangunk, Ulster County New York * * * [which] has a driveway that leads directly to [it]".

On October 12, 1986, the Shawangunk Town Justice issued a search warrant directing the Sheriff's Department to search the premises described in the warrant application. At about 5:30 P.M., the Sheriff's Department executed the warrant and discovered substantial quantities of marihuana and cocaine.

Later testimony revealed that two Deputy Sheriffs involved in the search were familiar with defendant, Fred D. Earl, and his father, Fred E. Earl, and their adjacent houses on Hoagerburgh Road in Shawangunk; that defendant's house is a two-story brown wooden structure with a driveway leading to it and a mailbox without a name on it; that Fred E. Earl's house is a split-level yellow ranch with a mailbox labeled "Earls"; and that on Hoagerburgh Road there are several other two-story brown wooden houses with driveways leading to them.

Defendant was subsequently arrested and indicted by a Grand Jury for the crimes of criminal possession of a controlled substance in the second degree (Penal Law § 220.18 [1]), criminal possession of marihuana in the first degree (Penal Law § 221.30) and criminally using drug paraphernalia in the second degree (two counts) (Penal Law § 220.50 [1], [2]).

According to defendant's counsel, as of October 20, 1986 the court that had issued the search warrant could not provide him with a copy of the warrant or the application because the Sheriff's Department had not returned the original and only copy, and he did not receive a copy of the papers from the court until October 27, 1986. The People state in an affidavit that "[u]pon information and belief on or about October 15, 1986 the original warrant and application were returned to the issuing court".

In a pretrial omnibus motion before County Court, defen-

dant moved to, *inter alia,* suppress the evidence seized on the grounds that the search warrant was based on less than probable cause and failed to describe with sufficient particularity the premises to be searched, that the Sheriff's Department failed to timely return the warrant and the application to the issuing court after execution and that the court failed to keep accurate copies of the papers. County Court summarily denied defendant's motion on probable cause and failure to return grounds, and, after a hearing on the sufficiency of the description of the premises to be searched, denied the motion on that ground as well.

After the suppression hearings,* defendant pleaded guilty to the crime of criminal possession of a controlled substance in the second degree in full satisfaction of the entire indictment and was sentenced to three-years-to-life imprisonment. This appeal by defendant ensued.

The judgment of conviction should be affirmed. The search warrant application prepared by Andrews referred to statements by Auchmoody and Schwarz which were founded upon their personal knowledge of defendant and his activities and which, in Schwarz's case, were made against his penal interest. This information, coupled with the results of the subsequent police investigation, provided the Magistrate with the requisite probable cause for the issuance of the search warrant *(see, People v Johnson,* 66 NY2d 398, 402-403; *People v Bigelow,* 66 NY2d 417, 423-424). Moreover, we find that the description of the premises to be searched fulfilled the constitutional and statutory requirements (US Const 4th Amend; CPL 690.45). We reject defendant's argument that the search warrant lacked sufficient particularity to enable a searcher to identify with certainty the target premises because it incorrectly named the occupant Fred Earl, Jr., rather than defendant, Fred D. Earl, and because there were other two-story wooden structures on Hoagerburgh Road. Defendant's premises adjoined the premises of his father, Fred E. Earl, whose mailbox contained the name "Earls" clearly visible thereon, and whose dwelling house was a split-level yellow ranch house, thus distinguishing it from defendant's two-story brown house. Applying the "common-sense" test *(People v Nieves,* 36 NY2d 396, 401), the description contained in the warrant is so worded that the officer executing the warrant could with

---

* County Court held a supplemental hearing on whether the seizure of marihuana from a van on defendant's premises was proper under the "plain view" doctrine and concluded that it was; defendant does not challenge here that denial of his motion to suppress.

reasonable effort ascertain and identify the place intended to be searched (see, Steele v United States No. 1, 267 US 498, 503). Additionally, Hoagerburgh Road is a rural area with only 15 houses over a stretch of 1½ miles, and since two of the Deputy Sheriffs involved were familiar with defendant and knew where he lived, there was no possibility of error on the officers' part in executing the search warrant.

Finally, we find no merit to defendant's argument that delay in returning the warrant to the issuing court or providing a copy thereof to that court requires suppression of evidence obtained. These requirements are ministerial and there is no prejudice to defendant by delay in compliance therewith (see, People v Rhoades, 126 AD2d 774; see also, People v Zimmer, 112 AD2d 500).

Judgment affirmed. Mahoney, P. J., Kane, Weiss, Levine and Mercure, JJ., concur.