■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES T. NELSON, Appellant.—Mercure, J. Appeal from a

judgment of the County Court of Albany County (Harris, J.), rendered November 24, 1986, upon a verdict convicting defendant of the crime of criminal possession of marihuana in the second degree.

On May 8, 1986, City of Albany police officers executed a warrant authorizing a search of defendant's apartment. In addition to defendant, his brother (codefendant Wayne Nelson) and Louis Wilson were present at the time of the officers' entry into the apartment. The officers located and seized a large number of growing marihuana plants in one of the bedrooms and, in addition, dried marihuana, scales, pipes, papers, screens and other drug paraphernalia, and potting soil, fertilizer, plant lights and other items used in connection with the cultivation of marihuana. Defendant was indicted for criminal possession of marihuana in the first degree (Penal Law § 221.30) and, following trial before a jury, was convicted of the lesser included offense of criminal possession of marihuana in the second degree (Penal Law § 221.25) and sentenced as a second felony offender to an indeterminate prison term of 3½ to 7 years.

Defendant's initial contention on appeal is that County Court committed reversible error in permitting the admission into evidence of the rolling papers, pipes, screens and scales seized from defendant's apartment. Although certain of the drug paraphernalia, particularly the triple-beam balance scales, is supportive of an intent to sell, it is also highly probative of the element of the charged offense that defendant did knowingly and unlawfully possess over 10 pounds of marihuana (see, Penal Law § 221.30). Additionally, proof of uncharged crimes may be relevant to show intent, motive or knowledge (People v Lewis, 69 NY2d 321, 325), and here the probative value of the evidence did outweigh its potential for prejudice (see, People v Ely, 68 NY2d 520, 529).

Next, defendant challenges the admission of certain photographs taken of his apartment at the time of the execution of the search warrant upon two separate grounds. First, he contends that, since the search warrant did not specifically authorize the taking of photographs, the "visual images" represented by them were seized in violation of his rights. We disagree. Defendant's reliance upon People v Teicher (52 NY2d 638) is misplaced, since that case dealt exclusively with surreptitious electronic visual surveillance, an extensive invasion of individual privacy (supra, at 655). The instant action did not involve surveillance at all, and the photographing, performed while defendant, his brother, Wilson and a number of

police officers were present in the apartment, was by no means clandestine or violative of any reasonable expectation of privacy. The photographs were nothing more than a permissible representation of a crime scene depicting contraband seized pursuant to a valid warrant or found in plain view.

The second challenge to the admission of the photographs is based upon the People's inaccurate statement, in response to defendant's discovery demand, that no photographs of the scene of the crime existed. The record shows that the prosecutor first became aware of the existence of the photographs, and thus the prior unintentional misrepresentation, during the week prior to trial. He immediately informed defense counsel, who viewed the photographs the day prior to the trial, at a time, assumedly, when the trial could have been adjourned without undue difficulty. Nevertheless, defense counsel raised no objection to the tardy disclosure until after the jury had been selected and the People's opening statement completed, at which time defendant moved for a mistrial. At that time, County Court allowed defendant 1½ hours to view the photographs with his attorney and indicated that a continuance would be granted upon a good-faith showing of necessity. No such showing was made and the trial proceeded. Under the circumstances, County Court acted well within its discretion, particularly in view of defendant's failure to show actual prejudice flowing from the late disclosure (see, CPL 240.70 [1]; *People v Dory*, 59 NY2d 121, 127).

We also reject the argument that the evidence seized from defendant's apartment should have been suppressed because of the police officers' failure to return an inventory until five months after the execution of the warrant, in contravention of the requirements of CPL 690.50 (5). Although delays of this magnitude are not to be encouraged, it has been repeatedly held that the requirement that the inventory be returned to the court "without unnecessary delay" (CPL 690.50 [5]) is ministerial and that noncompliance will not invalidate the search (see, *People v Earl*, 138 AD2d 839, 842, lv denied 71 NY2d 1026; *People v Rhoades*, 126 AD2d 774, 777, lv denied 69 NY2d 1008; *People v Davis*, 93 AD2d 970, 971).

Nor did County Court err in its failure to give an accomplice charge with respect to Wilson's testimony (see, CPL 60.22). Initially, it does not appear from the record that defendant either requested or objected to County Court's failure to give such a charge. Accordingly, the issue has not been preserved for our review (see, *People v Lipton*, 54 NY2d 340, 351; *People v Smith*, 103 AD2d 859; cf., *People v Van*

*Denburg,* 107 AD2d 891, 892). Further, the uncontradicted proof was that Wilson did nothing at defendant's apartment but share one marihuana cigarette, eat and sleep, and that he was totally unaware of the existence of the marihuana "farm" beyond the closed bedroom door. This being the case, there was no basis for a finding that Wilson participated in "[t]he offense charged" or "[a]n offense based upon the same or some of the same facts or conduct which constitute the offense charged" (CPL 60.22 [2] [a], [b]).

Defendant's remaining contentions do not require extended discussion. The testimony of prosecution witnesses provided more than adequate support for a finding that the marihuana plants, after they were removed from their pots and the dirt knocked off, and dry marihuana seized at defendant's apartment had an aggregate weight in excess of 10 pounds. Proof of possession of 16 ounces, aggregate weight, was all that was required to support the lesser included offense for which defendant was convicted (Penal Law § 221.25). For that reason, we reject the contention that there was insufficient evidence to support the jury's verdict. The argument, based upon the erroneous assumption that the People had the burden of proving pure weight *(see, People v Houston,* 72 AD2d 369), ignores the 1979 amendment to Penal Law article 221 (L 1979, ch 265) adopting an aggregate weight standard for the possessory offenses defined therein *(see,* Hechtman, Practice Commentary, McKinney's Cons Laws of NY, Book 39, Penal Law art 221, at 96). Similarly, we do not find that County Court was obligated to charge any further lesser included offenses, as no reasonable view of the evidence could put the quantity of marihuana possessed at less than 16 ounces *(see,* CPL 300.50 [1]). Further, we find no reversible error in County Court's determination to permit the People to inquire as to the fact of defendant's 1976 felony conviction, in the event that he elected to testify, particularly in view of the overwhelming evidence of guilt *(see, People v Crimmins,* 36 NY2d 230; *cf., People v Cooke,* 101 AD2d 983). Last, we agree with County Court's decision to permit Wilson to testify despite his admitted psychiatric condition, since the record supports a finding that Wilson understood the nature of the oath and was able to give an accurate account of the subject events *(see, People v Parks,* 41 NY2d 36, 46).

Judgment affirmed. Kane, J. P., Mikoll, Yesawich, Jr., Harvey and Mercure, JJ., concur.