■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WAYNE NELSON, Appellant.—Kane, J. P. Appeal from a judgment of the County Court of Albany County (Harris, J.), rendered November 24, 1986, upon a verdict convicting defendant of the crime of criminal possession of marihuana in the second degree.

On May 8, 1986, members of the City of Albany Police Department obtained and executed a search warrant for premises located at 136 Madison Avenue in the City of Albany. The police entered the premises with a key provided to them by defendant's brother, codefendant James Nelson, the actual lessee of the apartment for which the search warrant was obtained and whom the police had previously apprehended. Upon entry into the apartment, they found defendant and another man named Louis Wilson. They also found a quantity of marihuana plants growing in pots in a bedroom, together with light fixtures, plant fertilizer, a light-timing device, a small scale, cigarette rolling papers, a cigarette rolling machine and pipes. Photographs of the premises were taken and defendant, James Nelson and Wilson were placed under arrest and advised of their *Miranda* rights.

Following their indictment for criminal possession of marihuana in the first degree, a hearing on a motion to suppress the evidence seized was held on October 15, 1986. Upon the denial of the motion, a joint trial of defendant and James Nelson commenced on October 20, 1986, resulting in the conviction of both defendants of the lesser included offense of criminal possession of marihuana in the second degree. Appeals by both defendants ensued.

This court previously affirmed the conviction of James Nelson *(People v Nelson,* 144 AD2d 714, *lv denied* 73 NY2d 894). We note that several of the same issues raised herein in both defendant's brief and his *pro se* brief were decided in favor of the prosecution on that prior appeal, and, accordingly, on those issues, for the same reasons, we reach the same result herein. Additionally, we find the evidence produced at trial sufficient to establish defendant's guilt beyond a reasonable doubt and that there was no abuse of discretion by County Court upon its *Sandoval* ruling. All other alleged errors, including those addressed to the conduct of the trial, the issuance of the search warrant and the conduct of the prosecutor, are equally without merit.

Judgment affirmed. Kane, J. P., Weiss, Mikoll, Levine and Mercure, JJ., concur.