■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v NICHOLAS CAMARRE, Appellant.—Judgment unanimously affirmed. Memorandum: On appeal from his conviction of second degree conspiracy, fourth degree conspiracy, criminal possession of a controlled substance in the first and second degrees, and second degree criminal use of drug paraphernalia, for which he received a sentence of 15 years to life, defendant contends that cocaine seized pursuant to two warrants must be suppressed; that the court unfairly marshaled the evidence; that reversal is required as a result of errors in the court's charge; that the conviction for first degree possession is against the weight of the evidence; that the court erred in denying his motions for a mistrial and severance; that reversal is required by the court's submission of a verdict sheet containing factual allegations; and that the court erred in failing to discharge the entire jury panel.

Reversal is not required as a result of technical noncompliance with the requirements of CPL 690.36 (3) and 690.40 (3). Where, as here, the application and the warrant are read to the Judge in their entirety and approved by him, the statute (CPL 690.36 [3]) has been substantially complied with and its purpose has been served (cf., *People v Taylor*, 73 NY2d 683,

689; *People v Crandall,* 108 AD2d 413, 416, *affd* 69 NY2d 459). Similarly, the two-day delay in the filing, transcription, and certification of the audiotape is inconsequential and not fatal to the warrants. Inasmuch as the tape was filed in court on the next business day following the search, the statutory purposes of authentication and preservation were adequately served *(see,* CPL 690.40 [3]; *People v Crandall, supra; cf., People v Taylor, supra,* at 688).

Suppression of the cocaine is not required as a result of the "controlled delivery" of the drugs, notwithstanding any inconsistency between the police conduct and the return mandate of the first warrant *(see,* CPL 690.45 [8]; 690.50 [5]). The return requirement is ministerial and even relatively lengthy delays in complying with it will not invalidate a seizure *(see, People v Nelson,* 144 AD2d 714, *lv denied* 73 NY2d 894; *People v Earl,* 138 AD2d 839, 842, *lv denied* 71 NY2d 1026). Here, the return was filed within three days, on the next business day following the search. Moreover, failure to make an immediate return was justified by the fact that the police were not required to obtain a warrant before opening the package and seizing the drugs. The Fourth Amendment was not violated by the actions of UPS employees in examining the package and voluntarily surrendering it to the police *(People v Adler,* 50 NY2d 730, 736-737, *cert denied* 449 US 1014). Further, the officers did not violate the Fourth Amendment in seizing the package and duplicating the private search *(People v Adler, supra,* at 737-738). If the police had seized the package without a warrant, they would have been authorized to use the drugs to make the "controlled delivery" to the addressee *(see, People v Adler, supra; United States v Singh,* 811 F2d 758, *cert denied* 483 US 1021; *United States v Bulgier,* 618 F2d 472, *cert denied* 449 US 843; *United States v DeBerry,* 487 F2d 448).

Defendant's conviction of criminal possession of a controlled substance in the first degree is not against the weight of the evidence. It was established that a package containing over eight ounces of cocaine was addressed to defendant. When the police searched the house following delivery of the cocaine, defendant directed them to three and one-half ounces in an obscure hiding place. When asked where the rest was, defendant said that was all there was in the house. Nearly five ounces were found on codefendant Jamie Camarre, who was the only person who had left the house after delivery of the cocaine. Since defendant knew the whereabouts of the cocaine in the house and since the package was addressed to him, the proof was sufficient to establish his complicity in codefendant's

possession of five ounces. When considered with defendant's actual possession of the three ounces, that evidence overwhelmingly supports defendant's conviction of first degree possession.

Submission of the verdict sheet with the consent of defense counsel was not reversible error (see, People v Hill, 163 AD2d 813; People v King, 158 AD2d 972, lv denied 76 NY2d 737; People v Barber, 154 AD2d 882, lv denied 75 NY2d 810). The court did not err in failing to discharge the entire jury panel. In any event, that claim is not reviewable because voir dire was not recorded. The court did not err in denying the motions for severance and mistrial because defendant was not aggrieved by the admission into evidence of his own statement (cf., People v Camarre, 171 AD2d 1002 [decided herewith]). The court did not marshal the evidence unfairly, and reversal is not required as a result of unpreserved errors in the court's charge. (Appeal from Judgment of Niagara County Court, DiFlorio, J.—Criminal Possession Controlled Substance, 1st Degree.) Present—Denman, J. P., Boomer, Pine, Balio and Lawton, JJ.