▪ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSEPH BRINSON, JR., Appellant.—Judgment unanimously affirmed. Memorandum: Defendant contends that County Court erred in denying his motion to suppress property seized from his motel room pursuant to a search warrant because the issuing Magistrate failed to have the oral warrant application transcribed and to certify to the accuracy of the transcription

as required by CPL 690.36 (3). Although there was technical noncompliance with the requirements of that statute, we conclude that reversal is not required where, as here, the issuing Magistrate filed the original audiotape within 24 hours of issuance of the warrant, thereby satisfying the statutory purposes of authentication and preservation (see, People v Camarre, 171 AD2d 1003; People v Crandall, 108 AD2d 413, 416, affd 69 NY2d 459, rearg denied 70 NY2d 748).

Defendant's alternate grounds for suppression of the property seized based on the June 1, 1989 and June 3, 1989 search warrants have been raised for the first time on appeal. Because defendant failed to raise those issues before the suppression court, he is foreclosed from raising them on appeal (see, People v Dancey, 57 NY2d 1033, 1035; People v Martin, 50 NY2d 1029, 1031; People v Tutt, 38 NY2d 1011).

Defendant also challenges the trial court's denial of his CPL 440.10 motion. Defendant failed to obtain permission to appeal from the order denying his CPL 440.10 motion; therefore, that issue is not before us (see, CPL 450.15 [1]; People v Watt, 176 AD2d 1201; People v Ramsey, 104 AD2d 388). (Appeal from Judgment of Niagara County Court, Hannigan, J.—Criminal Possession Controlled Substance, 3rd Degree.) Present—Callahan, A. P. J., Boomer, Pine, Balio and Lawton, JJ.