■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v LOUIS RODRIGUEZ, Respondent.—Order unanimously reversed on the law, motions denied, indictment reinstated and matter remitted to Onondaga County Court for further proceedings on the indictment in accordance with the following Memorandum: County Court erred in granting defendant's motion to suppress. Upon our review of the supporting affidavit submitted to City Court for the issuance of a search warrant, we conclude that it was legally sufficient to establish probable cause to believe that cocaine and drug paraphernalia would be found at defendant's residence *(see, People v Camarre,* 171 AD2d 1003).

The application established that an Express Mail package, addressed to 825 Burnet Avenue, Apartment #7, was erroneously delivered to Apartment #8. Upon opening the package, the occupant discovered that it appeared to contain drugs. He called the police, who verified the contents to be cocaine. It is well established that a search by a private person, even an unlawful search, does not violate the Fourth Amendment *(People v Adler,* 50 NY2d 730, 737, *cert denied* 449 US 1014).

1050

Thus, the actions of defendant's neighbor in opening the package and voluntarily surrendering it to the police were not subject to Fourth Amendment challenge *(People v Adler, supra)*. The application further established that the package was sent by Express Mail from Miami, Florida, a known focal point for illegal drugs entering the country. In addition, the application noted that the police were advised that several people lived in Apartment #7 and that many people visited that apartment at all hours. Armed with that information, the police decided to make a "controlled delivery" of the package to the addressee and applied for a search warrant.

Applications for search warrants are not to be read hyper-technically and should be accorded all reasonable inferences *(People v Robinson,* 68 NY2d 541, 551-552; *People v Hanlon,* 36 NY2d 549, 559; *People v Martin,* 163 AD2d 865; *see also, United States v Ventresca,* 380 US 102, 108). "The warrant requirement of the State and Federal Constitutions (NY Const., art I, § 12; US Const., 4th Amdt.) is designed to interpose the detached and independent judgment of a neutral Magistrate between the interested viewpoint of those engaged in ferreting out crime and potential encroachments on the sanctity and privacy of the individual" *(People v Hanlon, supra,* at 558; *see, Johnson v United States,* 333 US 10, 13-14). "Where a search warrant has been secured, the *bona fides* of the police will be presumed and the subsequent search upheld in a marginal or doubtful case" *(People v Hanlon, supra,* at 558; *see, United States v Ventresca, supra,* at 106-107). (Appeal from Order of Onondaga County Court, Burke, J.—Suppression and Dismissal of Indictment.) Present—Callahan, J. P., Boomer, Balio, Davis and Doerr, JJ.