■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIAM MENDOZA, Appellant.—Judgment modified on the law and as modified affirmed in accordance with same Memorandum as in *People v Orta* (184 AD2d 1052 [decided herewith]).

All concur, except Callahan, J. P., who dissents in part and votes to affirm in the following Memorandum.

Callahan, J. P. (dissenting). Viewing the evidence, as we must, in the light most favorable to the People *(see, People v Contes,* 60 NY2d 620, 621), I conclude that the judgment should be affirmed. There is no dispute that the evidence was sufficient to support the jury's finding that defendant possessed cocaine. The majority conclude, however, that there was insufficient proof from which the jury could rationally determine that the aggregate weight of the cocaine which defendant possessed exceeded "four ounces or more" (Penal Law § 220.21 [1]) due to the presence of "foreign matter" which were vacuumed along with the cocaine. I disagree.

The testimony at trial established that when the police executed a search warrant at defendant's residence, defendant ran upstairs and threw something in his bedroom. The police observed a large amount of a chunky, granular substance all over the bedroom, including on the bed, the dresser and the floor. The cocaine particles were in rock form, about the size of unpopped popcorn kernels with some larger chunks. A police evidence technician used a special evidence vacuum cleaner to collect the substance. A fine fabric filter in the vacuum collects large chunks of evidence while letting small particles pass through to be collected in a canister bag. He testified that he vacuumed only the areas where the white substance was located. He changed the filter in the vacuum three times and each time emptied the contents collected in the filter into an evidence bag. The contents of the bag, which

was admitted in evidence, weighed 161.5 grams, or 5.7 ounces. Despite police precautions, the bag also contained some foreign material such as hair, dust and dirt particles which were vacuumed along with the cocaine. It is well established that non-prohibited substances mixed with a narcotic can be included in determining the aggregate weight of the controlled substance for the purpose of defining the degree of the crime *(see, People v Nelson,* 144 AD2d 714, 717, *lv denied* 73 NY2d 894; *People v Konyack,* 99 AD2d 588; *People v La Porta,* 56 AD2d 983). Here, the People were under no obligation to prove pure weight of the cocaine and the jury, viewing the evidence, could reasonably determine that the aggregate weight of the substance containing the cocaine exceeded four ounces or more (Penal Law § 220.21 [1]) and that the quantity of foreign substance was insignificant. The jury's factual determination has support in the record and I would affirm defendant's conviction. (Appeal from Judgment of Onondaga County Court, Elliott, J.—Criminal Possession Controlled Substance, 1st Degree.) Present—Callahan, J. P., Green, Lawton, Davis and Doerr, JJ.