*965 OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be affirmed.
When the police entered defendant’s home to execute a search warrant, defendant immediately ran into a second-floor bedroom. The police heard defendant throw something that landed with a "bang” or "clunk.” When they arrived at the bedroom, the police saw chunks of a white substance and white powder strewn around the room and on the bed. In an effort to preserve the evidence, the police used a special vacuum with a filter that separated out the large white chunks. The chunks were collected and placed in one sealed bag, while the powder was placed in another. Subsequent tests revealed that the white substance contained particles of cocaine. Only the bag containing the chunks, which had a total weight of over five ounces, was admitted in evidence at defendant’s ensuing trial for first degree criminal possession of a controlled substance. In addition to the white chunks, the bag contained visible hair, dirt and other foreign particles that had been swept up into the vacuum tool during the evidence-collection process.
On these facts, the Appellate Division correctly concluded that the People did not meet their burden of proving that the contraband had an "aggregate weight” of at least four ounces as required by Penal Law § 220.21. While it is true that the "aggregate weight” of a controlled substance is determined by "the weight of the substance which contains the drug, irrespective of the amount of the drug in the substance” (Donnino, Practice Commentaries, McKinney’s Cons Laws of NY, Book 39, Penal Law art 220, at 9), the "aggregate weight” does not include the weight of extraneous foreign matter that may have found its way into the compound during the evidence-gathering process. Such foreign matter was not part of the substance the defendant "possessed,” and there is thus no basis for including it in the "aggregate weight” for purposes of determining the degree of the crime with which the defendant may be charged.
Contrary to the People’s argument, the judgment convicting defendant of first degree criminal possession of a controlled substance cannot be sustained on the theory that the jury was in a position to observe the ratio of foreign particles to the *966 other matter contained in the sealed evidence bag and to determine for itself whether subtraction of those particles would reduce the aggregate weight to below the four ounces that the statute requires. Such a determination could only be the result of impermissible speculation by the jurors. Accordingly, the Appellate Division did not err in reducing the judgment to one convicting defendant of criminal possession of a controlled substance in the seventh degree, a crime that does not require a showing that the unlawfully possessed substance had a particular "aggregate weight” (Penal Law § 220.03).
Chief Judge Kaye and Judges Simons, Titone, Hancock, Jr., Bellacosa and Smith concur.
Order affirmed in a memorandum.