OPINION OF THE COURT
Richard T. Andrias, J.
In a decision dated September 28, 1993, this court denied defendant’s motion to dismiss the indictment as legally insufficient. Defendant now moves to reargue the court’s decision, claiming that certain facts of which he was unaware prior to reading the court’s decision mandate a different result. The court hereby grants reargument but for the reasons stated below adheres to its previous decision.
The defendant does not dispute the facts of the court’s previous decision: "The evidence before the grand jury reveals *484 that on February 16, 1993 police officers responded to Apartment 54 at 624 West 207th Street in response to a radio run of shots fired at that location. There, they discovered a dead body and three kilogram packages of what appeared to be cocaine. According to the People, defendant admitted that someone had given him $55,000.00 to buy four kilograms of cocaine from a person named 'Flaco’. An intermediary set up the deal through repeated phone calls between defendant and Flaco. On February 16, 1993 defendant and his brother arrived at the location. There defendant showed Flaco the money, and he and Flaco went downstairs to get the drugs. When defendant was shown the purported packages of cocaine, back in the apartment, he handed one package to an associate for testing. At that point one of Flaco’s associates announced a hold-up. There was an exchange of gunfire during which defendant was shot in the chest and Flaco was killed. The three kilogram packages of purported cocaine which were recovered from the apartment were sent to the police laboratory for analysis. The analysis revealed that the packages consisted primarily of a non-controlled substance. Each of the packages, however, contained a hollowed out area which was filled with cocaine. The total weight of cocaine from all three packages was just over three quarters of an ounce.”
The aggregate weight of the three packages is in excess of two ounces, thus the charge of possession of a controlled substance in the first degree. Defendant now argues that the noncontrolled substance should not be included in the aggregate weight, citing People v Mendoza (81 NY2d 963 [1993]). In Mendoza, however, the noncontrolled substance (foreign matter) was added to the controlled substance by the police as they collected evidence with a vacuum cleaner. Because the substance the defendant was accused of possessing did not include the foreign matter collected, the court held that it could not be aggregated. In the case at bar, however, the aggregate weight properly includes the entire contents of the packages defendant allegedly attempted to possess. The kilogram packages as total entities were the subject of the aborted drug deal, not the inserts which presumably were put there if the sellers needed to extract a "sample” of cocaine for the buyers.
Defendant also attempts to distinguish his case from the recent Court of Appeals decision in People v Acosta (80 NY2d 665 [1993]) regarding the law of attempt by raising the de *485 fense of impossibility, i.e., had the sale been consummated, he would not have possessed more than two ounces of cocaine because the actual weight of the alleged controlled substance in the three packages was only three quarters of an ounce. This argument is unavailing since impossibility is not a defense to a charge of an attempt to commit a crime. (Penal Law § 110.10.)