■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES GREIG, Appellant. [619 NYS2d 444] —Judgment unanimously modified on the law and as modified affirmed in accordance with the following Memorandum: County Court erred in denying the motion to suppress marihuana seized during the warrantless search of defendant's motel room. Defendant rented a room and informed the motel owners that he would not be spending the night there. One of the owners found that peculiar and suspected that something was wrong with the housekeeping in the room. Upon entering the room to inspect it, she saw what appeared to be "snakes or vines all over the kitchen table and bedroom and it was so hot [she] couldn't breathe." She asked her husband, the co-owner, to check the room. He thought the vines were marihuana and called the sheriff's department. They "let the deputy in" defendant's room and thereafter gave a key to the deputies. When the Drug Task Force arrived, one of the deputies unlocked the door. A large quantity of marihuana was seized before defendant returned to the room.

We agree with defendant that suppression is required pursuant to *People v Gleeson* (36 NY2d 462; *see also, People v Reynolds*, 71 NY2d 552, 557-558). The People's reliance on *People v Adler* (50 NY2d 730, *cert denied* 449 US 1014) and *People v Camarre* (171 AD2d 1003) is misplaced. In those cases, private citizens turned over contraband to the police *(see also, People v Horman*, 22 NY2d 378, *cert denied* 393 US 1057); in this case, the contraband was seized by the Drug Task Force. Although the motel owners themselves had authority to enter the room *(see, People v Lerhinan*, 90 AD2d 74), in opening the locked room for the deputy sheriff and then giving him the key, they acted as agents of the sheriff's department *(see, People v Adams*, 53 NY2d 1, 7, *rearg denied* 54 NY2d 832; *People v Jones*, 47 NY2d 528, 533). Thus, we modify the judgment appealed from by reversing defendant's conviction under count one of the indictment, vacating the sentence imposed thereon, granting the motion to suppress with respect to count one, and dismissing that count of the indictment. (Appeal from Judgment of Niagara County Court,

DiFlorio, J.—Criminal Possession Marihuana, 1st Degree.) Present—Green, J. P., Pine, Lawton, Callahan and Doerr, JJ.