■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GEORGE MCMAHON, Appellant. [656 NYS2d 538] —Peters, J. Ap-

peal from a judgment of the County Court of Sullivan County (Kane, J.), rendered April 1, 1996, convicting defendant upon his plea of guilty of the crimes of burglary in the second degree (eight counts), grand larceny in the third degree (three counts), grand larceny in the fourth degree (five counts), criminal mischief in the third degree, criminal possession of stolen property in the third degree and attempted petit larceny.

In mid-April 1994, defendant and Daniel Crisano entered into an oral agreement to rent a residence from Anthony Scovasso commencing May 1, 1994. They were given a key and told that while they could not begin residing there until such time, they could, if they wished, clean up the house and move in some of their property. Upon Scovasso's discovery of substantial problems with the heating system, defendant was advised that he could not move in until later in May and that the first month's rent would be prorated accordingly.

On April 21, 1994, Scovasso and his son went to the residence to check on the progress of the repairs. They noticed that the windows were open, the ceiling fan was on and that it appeared that people were residing there. Upon contacting the neighbors, Scovasso discovered that people had been coming and going at all hours and that loud music had been played from the house. Believing that defendant and Crisano had already violated their agreement with him, Scovasso changed the locks and left a note on the door advising them to contact him.

Nine days later, Scovasso received a call from the neighbors that windows were being broken and that someone was attempting to break into the house. The State Police, agreeing to meet him there, arrived at about 12:35 A.M. and observed a broken window and several ripped window screens. Entering the house at Scovasso's request, State Troopers Neil Conte and Michael Hunter discovered no one present. During their sweep of the house, Conte recognized items which appeared to match descriptions of property reported stolen during recent burglaries. Scovasso noted that some of the property was there during his prior visit.

Scovasso remained for some time while Conte and Hunter prepared a list of these items, procuring serial numbers when available. In order to acquire some of the serial numbers, the Troopers had to move certain appliances, including a large-screened television. They also came upon and opened a camcorder case, bearing a distinctive sticker, which Conte believed came from a recent residential burglary. After sharing the list of property with another police investigator, three items were

positively identified as being stolen during recent burglaries. Continuing their efforts to match their list of property with "hot lists" of recently reported stolen goods, the State Police were provided access to the residence by Scovasso to recheck a serial number. The next day, a search warrant was executed upon the house. Having been offered the opportunity to be present during the search, Scovasso accompanied the State Police to execute the warrant.

Based upon information acquired during the search, as well as that gleaned by the State Police from victims of these burglaries, defendant and Crisano were arrested and indicted. As a result of a suppression hearing held in May and June 1995,* County Court, *inter alia*, denied suppression of the evidence found inside the residence, concluding that defendant had no legitimate expectation of privacy in the premises until the commencement of his residential lease. Defendant now appeals.

Mindful that any credibility questions which arose from conflicts in testimony during the suppression hearing were best resolved by County Court which had the advantage of observing the witnesses (*see, People v Polito*, 169 AD2d 990, 991, *lv denied* 77 NY2d 999), we find no basis to disturb County Court's determination. While defendant correctly asserts that the burden to show an "expectation of privacy" does not inure to him in order to acquire standing, we note that the automatic standing rule was long ago rejected (*see, United States v Salvucci*, 448 US 83, 88-89; *People v Ponder*, 54 NY2d 160, 165). Here, defendant did not have the right to reside in the household which was searched and had, in fact, been specifically advised that he could not begin living there until mid-May 1994. If his residential tenancy had begun, we would agree that Scovasso would have been without authority to permit the police to enter and search the premises (*compare, People v Ponto*, 103 AD2d 573, *with People v Wood*, 31 NY2d 975).

Defendant's reliance on *People v Gleeson* (36 NY2d 462) and *People v Greig* (209 AD2d 998) is similarly misplaced. As the United States Supreme Court has noted: "Common authority is * * * not to be implied from the mere property interest a third party has in the property * * * but rests rather on mutual use of the property by persons generally having joint access or control for most purposes, so that it is reasonable to recognize that any of the co-inhabitants has the right to permit the inspection in his own right and that the others have

---

* The decision/order dated August 10, 1995, rendered as a result of the hearing, was thereafter modified.

assumed the risk that one of their number might permit the common area to be searched" (*United States v Matlock*, 415 US 164, 171, n 7; *see, People v Gonzalez*, 88 NY2d 289). Here, defendant and Scovasso did not have common authority based upon joint access and control. Rather, Scovasso, as owner, had graciously permitted defendant access for the sole purpose of cleaning the residence and storing some of his property. Hence, the right to permit access to others, be they repair persons or police officers, remained solely with Scovasso until, at least, defendant's residential tenancy commenced.

In reviewing the consent to search, we find no basis to support defendant's contention that Scovasso was acting as a police agent. When an individual believes himself to be the victim of a crime and, therefore, requests the police to enter upon his premises, he is simply seeking police assistance to protect his property.

Finally, we find no merit to defendant's contention that even if the right to permit access remained with Scovasso, the police improperly searched property which was not in "plain view" when they opened the camcorder case and moved certain appliances in order to acquire serial numbers. Given the distinctive stickers on the camcorder case, which the police properly linked to a recent burglary, we find the conditions for seizure enumerated by the Court of Appeals to have been met (*see, People v Diaz*, 81 NY2d 106, 110).

The judgment of County Court is therefore affirmed.

Mikoll, J. P., Mercure, Crew III and Yesawich Jr., JJ., concur. Ordered that the judgment is affirmed.