◼ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RAYMOND GASTON, Appellant. [786 NYS2d 445]—

Judgment, Supreme Court, New York County (Thomas B. Galligan, J.), rendered August 5, 1992, convicting defendant, after a jury trial, of murder in the second degree and criminal possession of a weapon in the second and third degrees, and sentencing him to an aggregate term of 25 years to life, unanimously affirmed.

The verdict was based on legally sufficient evidence and was not against the weight of the evidence. Issues of credibility and identification, including the weight to be given the backgrounds of the People's witnesses and the inconsistencies in their testimony, were properly considered by the jury and there is no basis for disturbing its determinations (*see People v Gaimari*, 176 NY 84, 94 [1903]). Notably, several witnesses who knew defendant from the neighborhood independently identified him as one of the perpetrators.

There was an evidentiary basis for the court's acting in concert charge, which did not impermissibly amend the indictment by altering the theory of the prosecution (*see People v Rivera*, 84 NY2d 766 [1995]).

There was no violation of *Brady v Maryland* (373 US 83 [1963]) with regard to an undisclosed pretrial statement made by a defense witness to a People's investigator. This witness was interviewed by a defense investigator long before trial, and the defense could have reasonably availed itself of the opportunity to make itself aware of the same allegedly exculpatory information (*see People v Doshi*, 93 NY2d 499, 506 [1999]). Moreover, there was no reasonable possibility that the withheld material would have affected the outcome of the trial (*see People v Vilardi*, 76 NY2d 67, 77 [1990]). The witness in question testified on defendant's behalf, and the general substance of the undisclosed statement was before the jury. The impact of any additional information contained in the undisclosed statement would have been negligible.

We have considered defendant's other contentions and find them unavailing. Concur—Nardelli, J.P., Mazzarelli, Andrias, Friedman and Gonzalez, JJ.