■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MARK McCURDY, Appellant. [808 NYS2d 716]—

Appeal by the defendant from a judgment of the Supreme Court, Kings County (Hall, J.), rendered May 17, 2004, convicting him of criminal possession of a controlled substance in the second degree and criminal possession of marijuana in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Viewing the evidence in the light most favorable to the prosecution (*see People v Contes,* 60 NY2d 620 [1983]), we find that it was legally sufficient to establish that the defendant possessed an aggregate weight of more than 16 ounces of marijuana (*see* Penal Law § 221.25; *People v Nelson,* 144 AD2d 714, 717 [1988]). Nonprohibited substances mixed with a proscribed substance can be included in determining the aggregate weight of the proscribed substance for the purpose of defining the degree of the crime (*cf. People v Mendoza,* 184 AD2d 1055, 1056 [1992], *affd* 81 NY2d 963 [1993]; *People v Konyack,* 99 AD2d 588, 589 [1984]; *People v La Porta,* 56 AD2d 983, 983-984 [1977]). There is thus no merit to the defendant's contention that the People were required to exclude the mature stalks of marijuana plants when adducing evidence of the aggregate weight of marijuana in the defendant's possession (*see* Sponsor's Mem, Bill Jacket, L 1979, ch 265; Penal Law § 220.00 [6]; Public Health Law § 3302 [21]).

The trial court providently granted the People's challenge for cause of a prospective juror, even though the challenge was made after the defendant had already completed his challenges for cause (*see* CPL 270.15 [2], [4]; *People v Gaines,* 258 AD2d

921 [1999]). In any event, there was no prejudice to the defendant (*see People v Soto,* 267 AD2d 15, 15-16 [1999]; *cf. People v Powell,* 13 AD3d 975, 976-977 [2004]). The trial court properly instructed the jury, in connection with the charge of criminal possession of a controlled substance in the second degree, that it could find that the defendant acted in concert with an unindicted accomplice (*see People v Rivera,* 84 NY2d 766, 769-771 [1995]; *People v Gaston,* 13 AD3d 96, 97 [2004]; *People v Monahan,* 114 AD2d 380, 380-381 [1985]).

The defendant's remaining contentions are without merit. H. Miller, J.P., Adams, Luciano and Rivera, JJ., concur.