◼ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RODNEY GRACE, Appellant. [874 NYS2d 94]—

Judgment, Supreme Court, New York County (Bonnie G. Wittner, J.), rendered May 25, 2007, convicting defendant, after a jury trial, of criminal possession of a controlled substance in the fourth degree, and sentencing him, as a second felony drug offender, to a term of four years, unanimously affirmed.

The verdict was based on legally sufficient evidence and was not against the weight of the evidence. Defendant possessed a single package containing numerous fragments of a rock-like material. The police chemist weighed this material as a whole, and found that it weighed more than the statutory threshold for fourth-degree possession. The chemist also ground the fragments into a powder, and found that the powder contained an unspecified amount of cocaine.

This was all that was necessary to establish fourth-degree possession. Defendant was convicted under Penal Law § 220.09 (1), which requires possession of a preparation, compound, mixture or substance containing an aggregate weight of one-eighth ounce or more. Under an aggregate weight standard, "[t]he weight of the mixture containing the narcotic, rather than the weight of the actual narcotic content of the mixture, determines the degree of the crime" (*People v Gonzalez*, 57 AD3d 1477, 1478 [2008]), and "[n]onprohibited substances mixed with a proscribed substance can be included in determining the aggregate weight of the proscribed substance for the purpose of defining the degree of the crime." (*People v McCurdy*, 25 AD3d 571, 571 [2006], *lv denied* 7 NY3d 759 [2006].)

Defendant argues that the chemist's method was insufficient because it only determined that at least one fragment contained cocaine, while failing to ascertain how many, if any, other fragments contained cocaine. However, since the material recovered from defendant constituted a single package, the chemist's procedures sufficed. Even in the unlikely event that only one of the fragments contained cocaine, defendant would still be guilty of fourth-degree possession under the aggregate weight standard. The chemist did not need to estimate anything, or use the type of random sampling method that might have been required had there been a quantity of individual packets (*cf. People v Hill*, 85 NY2d 256, 261 [1995]).

The court properly exercised its discretion in imposing reasonable limits on defendant's cross-examination of the chemist, and there was no violation of defendant's right to confront witnesses and present a defense. The precluded questions, such as inquiries into what "portion" of the fragments was tested for cocaine and whether the chemist believed all the fragments contained cocaine, were improper because they were irrelevant to the above-discussed aggregate weight standard, as applied to the facts of this case (*see People v Francis*, 172 AD2d 342, 344 [1991], *revd on other grounds* 79 NY2d 925 [1992]). The precluded line of inquiry would have tended to confuse or mislead the jury as to the aggregate weight standard, or invite

consideration of matters outside the jury's province, such as the fairness of that standard. Concur—Tom, J.P., Moskowitz, Renwick and Freedman, JJ.