People v McLaurin (2018 NY Slip Op 02983)





People v Mclaurin


2018 NY Slip Op 02983


Decided on April 27, 2018


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 27, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., CARNI, NEMOYER, AND WINSLOW, JJ.


460 KA 15-01195

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
CURTIS MCLAURIN, DEFENDANT-APPELLANT. 






FRANK H. HISCOCK LEGAL AID SOCIETY, SYRACUSE (ELIZABETH RIKER OF COUNSEL), FOR DEFENDANT-APPELLANT. 
WILLIAM J. FITZPATRICK, DISTRICT ATTORNEY, SYRACUSE (JAMES P. MAXWELL OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Onondaga County Court (Anthony F. Aloi, J.), rendered April 23, 2015. The judgment convicted defendant, upon his plea of guilty, of criminal possession of a controlled substance in the fourth degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: On appeal from a judgment convicting him, upon his guilty plea, of criminal possession of a controlled substance in the fourth degree (Penal Law § 220.09 [1]), defendant contends that County Court erred in denying that part of his omnibus motion seeking to suppress cocaine on the ground that the search of his anal cavity was not authorized. We affirm. On September 18, 2013, members of the Onondaga County Sheriff's Office obtained a warrant to search defendant's Syracuse residence and all persons present after an investigation revealed that defendant was selling cocaine at and around the premises. Shortly before the warrant was executed by the police that day, a detective observed defendant exit his residence and pull away in a gold minivan. The minivan rolled through a stop sign at a nearby intersection, and the detective initiated a traffic stop. Upon approaching the vehicle, the detective identified the driver and sole occupant of the vehicle as defendant, whom he recognized as the same person who had previously sold crack cocaine during three controlled buys that were conducted by the police in August and earlier in September 2013. The detective noticed that defendant was squirming around in the driver's seat, and he directed defendant to exit the vehicle. When defendant failed to comply with the directive, the detective opened defendant's door and took him into custody. At that time, the detective observed a white rock-like substance on the driver's seat and the floor beneath the driver's seat. The detective field tested the substance, which revealed the presence of cocaine.
Defendant was arrested, and the police executed the search warrant at his residence, which resulted in the seizure of various types of drug paraphernalia with white powdery residue that the police believed to be cocaine. Defendant was "very verbal" with the police during the execution of the search warrant, and the detective noticed that he was "constantly shifting as if he had something down his pants." Defendant refused to be searched, and he began to complain of shortness of breath and pain in his abdomen. An ambulance was summoned to transport defendant to the hospital for evaluation. While inside the ambulance, defendant agreed to be searched but then refused to allow the search to include his pants, underwear, or the area of his groin or buttocks. He "would intentionally move his buttocks away from view and would clench his buttocks and stiffen up his body so as not allow the visual search of his person." Based on his observations of defendant, the detective suspected that defendant had secreted cocaine in or on his body, and he therefore applied for another search warrant (second warrant) so that he could search defendant for cocaine. In his second warrant application, the detective set forth the above facts and specifically alleged, inter alia, that there was reasonable cause to believe that cocaine "may be found in or upon . . . a black male, known as Curtis L. McLaurin," giving [*2]defendant's date of birth and approximate height and weight. After the second warrant was issued, the detective delivered it to the hospital where defendant was being evaluated. The staff at the hospital performed an X-ray examination of defendant's body, which allowed for a visual cavity inspection, and confirmed the presence of an object inside defendant's anal cavity. A doctor thereafter removed 13 grams of cocaine from defendant's rectum.
Contrary to defendant's contention, the court properly refused to suppress the cocaine that was removed from his anal cavity. The specific facts set forth in the application for the second warrant supported the detective's articulated suspicion that defendant had secreted cocaine in or upon his person. The facts provided probable cause to believe that drugs were hidden inside defendant's body, and the second warrant, which specifically directed a search of defendant for cocaine, was properly obtained prior to any physical intrusion (see Schmerber v California, 384 US 757, 770 [1966]; see also People v Mothersell, 14 NY3d 358, 367 [2010]; People v Hall, 10 NY3d 303, 311 [2008], cert denied 555 US 938 [2008]).
Contrary to defendant's further contention, we conclude that the descriptions contained in the second warrant and the underlying warrant application were sufficiently particular and definite "to enable the searcher to identify the persons, places or things that the [court] ha[d] previously determined should be searched or seized" (People v Nieves, 36 NY2d 396, 401 [1975]; see generally Brigham City, Utah v Stuart, 547 US 398, 403 [2006]; Bell v Wolfish, 441 US 520, 558 [1979]). It was reasonable for the suppression court to determine, "from the standpoint of common sense" (Nieves, 36 NY2d at 401), given the nature of the evidence sought to be seized, i.e., cocaine, and the description of the area requested to be searched, i.e., "in or upon . . . Curtis L. McLaurin . . . ," that the second warrant authorized the search of defendant's rectum and the removal of the cocaine therefrom (see generally People v Robinson, 68 NY2d 541, 551-552 [1986]; People v Hanlon, 36 NY2d 549, 559 [1975]; People v Rodriguez, 181 AD2d 1049, 1049-1050 [4th Dept 1992]).
Entered: April 27, 2018
Mark W. Bennett
Clerk of the Court