■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JUAN ORTIZ, Appellant. [927 NYS2d 920]—

The Supreme Court properly denied that branch of the defendant's omnibus motion which was to suppress physical evidence. The People established at the suppression hearing that the machete recovered from the common porch area of the apartment building in which the defendant resided was voluntarily relinquished to the police by the defendant's girlfriend, who lived in the apartment with the defendant. "[T]he police may lawfully conduct a warrantless search when they have obtained the voluntary consent of a party who possesses the requisite degree of authority and control over the premises or personal property in question" (*People v Cosme*, 48 NY2d 286, 290 [1979]; *see People v Williams*, 37 AD3d 626, 627 [2007]).

Further, contrary to the defendant's contention, the People were not required to call the defendant's girlfriend to testify because "hearsay evidence is admissible to establish any material fact" at a suppression hearing (CPL 710.60 [4]; *see People v Edwards*, 95 NY2d 486 [2000]; *People v Washington*, 87 NY2d 945 [1996]; *People v Parris*, 83 NY2d 342 [1994]).

The defendant's contention that the evidence was legally insufficient to establish his guilt beyond a reasonable doubt is unpreserved for appellate review (*see People v Hawkins*, 11 NY3d 484, 491-492 [2008]) and, in any event, is without merit. Viewing the evidence in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620 [1983]), we find that it was legally sufficient to establish the defendant's guilt of the crimes charged beyond a reasonable doubt. Moreover, upon our independent review pursuant to CPL 470.15 (5), we are satisfied that the verdict of guilt was not against the weight of the evidence (*see People v Romero*, 7 NY3d 633 [2006]).

The sentence imposed was not excessive (*see People v Suitte*, 90 AD2d 80, 85-86 [1982]). Skelos, J.P., Belen, Hall and Roman, JJ., concur.