■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTHONY F. PINKNEY, Appellant. [935 NYS2d 374]—

Stein, J.

Lewan Leslie and his fiancée, Lakya Pinkney, were at their home together when defendant, Pinkney's father, contacted Pinkney on her mobile telephone. Leslie heard defendant screaming obscenities and threatening Leslie, and stating that he was coming to their house to fight him. Leslie told his brother, who was also in the home, about the call and they each called the police. Leslie then saw defendant's son (Pinkney's brother) creeping around the steps at the front of the house with a gun in his hand. Pinkney went out to the porch and saw defendant pointing a gun at her. Defendant and his son approached the porch, while defendant allegedly waved more than one firearm and yelled at Leslie. They both walked away after a short time.

The police arrived shortly after defendant and his son left the

premises. Using the descriptions that Leslie and Pinkney supplied, the police located defendant's son sitting on the front step of defendant's residence, a basement apartment, drinking a beer and preparing a marihuana cigar. While the police interviewed defendant's son, defendant came up the basement steps holding a marihuana grinder. The police secured the premises and proceeded to obtain a search warrant. In the course of executing the warrant, the officers discovered a loaded .38 caliber revolver sitting on top of a storage bin in the apartment.

Defendant was subsequently indicted for criminal possession of a weapon in the third degree and menacing in the second degree. Following a *Mapp* hearing, County Court found that probable cause existed for the issuance of the search warrant and denied defendant's motion to suppress the weapon and ammunition discovered in the apartment during the execution of the warrant. After conducting a *Sandoval* hearing, the court denied the People permission to inquire into most of defendant's prior convictions, with the exception of his convictions for petit larceny and criminal sale of a controlled substance. At the conclusion of a jury trial, defendant was found guilty as charged. Defendant now appeals from the judgment of conviction.

We affirm. We are unpersuaded by defendant's contentions that his conviction for criminal possession of a weapon in the third degree is not supported by legally sufficient evidence or that it was contrary to the weight of the evidence. A person is guilty of criminal possession of a weapon in the third degree when "[s]uch person commits the crime of criminal possession of a weapon in the fourth degree as defined in [Penal Law § 265.01 (1)], and has been previously convicted of any crime" (Penal Law § 265.02 [1]).* Here, defendant challenges the element of possession, contending that the evidence failed to eliminate the possibility that the revolver found in his apartment had been placed there without his knowledge.

Possession can be actual or constructive (*see* Penal Law § 10.00 [8]) and constructive possession can be established by either direct or circumstantial evidence (*see People v Brian*, 84 NY2d 887, 889 [1994]). Constructive possession is proven by demonstrating that the defendant had "dominion and control over the area where the contraband was found" (*People v Edwards*, 39 AD3d 1078, 1079 [2007]), and a person may be found guilty of constructive criminal possession of a weapon found in a premises even though others may have access to

---

* A person commits the crime of criminal possession of a weapon in the fourth degree when he or she possesses a firearm (*see* Penal Law § 265.01 [1]).

such premises (*see People v Torres*, 68 NY2d 677, 679 [1986]). Here, several witnesses testified that defendant had a dark-colored weapon in his hand during the incident. In addition, defendant was arrested upon exiting the apartment where a black revolver was found after the apartment had been secured. Further evidence established that defendant was one of three people who had access to the apartment (*see People v Torres*, 68 NY2d at 679; *People v Edwards*, 39 AD3d at 1079). On the other hand, defendant offered testimony that he did not actually enter the apartment after returning from Leslie's residence and that his son had brought the weapon to Leslie's residence and had entered and exited the basement apartment several times after they returned. In addition, there was testimony that defendant's son was told to remove a weapon from defendant's apartment two days earlier.

Viewing the evidence in the light most favorable to the People, we find that it was legally sufficient to convict defendant of constructive possession of the weapon found in the apartment (*see People v Bleakley*, 69 NY2d 490, 495 [1987]; *People v Baltes*, 75 AD3d 656, 658 [2010], *lv denied* 15 NY3d 918 [2010]; *People v Somerville*, 72 AD3d 1285, 1286 [2010]). Likewise, even if a different verdict would not have been unreasonable, when we view the evidence in a neutral light and accord appropriate deference to the jury's credibility determinations, we conclude that the verdict was not against the weight of the credible evidence (*see People v Romero*, 7 NY3d 633, 643-644 [2006]; *People v Bleakley*, 69 NY2d at 495; *People v Baltes*, 75 AD3d at 658).

We also reject defendant's contentions that County Court improperly denied his motion to suppress the revolver because the warrant was not supported by probable cause or, in the alternative, because the temporary seizure of his apartment was illegal. It is well settled that, in order to establish probable cause for the issuance of a search warrant, the warrant application must demonstrate that there is "sufficient information to support a reasonable belief that evidence of a crime may be found in a certain place" (*People v Church*, 31 AD3d 892, 894 [2006], *lv denied* 7 NY3d 866 [2006] [internal quotation marks and citations omitted]). Here, the application clearly indicates that the police believed that the weapon allegedly used by defendant at Leslie's residence might be located at the apartment. The application, supported by sworn witness statements, sets forth the details of the incident wherein defendant and his son both brandished a weapon and threatened Leslie, as well as defendant's subsequent arrest outside his apartment just after he exited therefrom. Viewing all of the facts and circumstances

together, the police officers' belief that the weapon was in the apartment was reasonable and provided probable cause to issue the search warrant (*see People v Bigelow*, 66 NY2d 417, 423 [1985]; *People v Church*, 31 AD3d at 894; *People v Aseltine*, 155 AD2d 819, 819 [1989]).

With regard to the temporary seizure of the apartment prior to the issuance of the search warrant, the police secured the residence and performed only a limited security sweep of the apartment to ensure that there was no one inside (*see People v Arnau*, 58 NY2d 27, 34-35 [1982], *cert denied* 468 US 1217 [1984]; *People v Binns*, 299 AD2d 651, 653 [2002], *lv denied* 99 NY2d 612 [2003]). Notwithstanding the eight-hour delay in obtaining the search warrant, inasmuch as the police merely secured—but did not search—the apartment until after the warrant was obtained, suppression of the weapon was not required (*see People v Binns*, 299 AD2d at 653). In addition, because the weapon was ultimately seized pursuant to a valid search warrant, it was admissible as "the product of an independent source entirely free and distinct from [any alleged] proscribed police activity" (*People v Arnau*, 58 NY2d at 35; *see People v Binns*, 299 AD2d at 653). Thus, we find no error in County Court's denial of defendant's motion to suppress.

Defendant also argues that County Court erred in failing to excuse a prospective juror who questioned her own ability to be impartial and that he was denied the effective assistance of counsel due to counsel's failure to object to that juror. In response to questioning by the court, the subject juror indicated that she had a cousin with a history of drug usage who had been convicted of a crime committed while under the influence of drugs and that she was not sure whether the cousin's issues would impact her ability to be impartial. After County Court explained that "drug usage" was not an issue in defendant's case, the prospective juror stated that her previous concern would not be a problem. Contrary to defendant's contention, we are of the view that the court's statement was accurate and that the juror's response provided the court with the requisite assurance of impartiality; therefore, removal of the juror was not required (*see People v Chambers*, 97 NY2d 417, 419 [2002]; *People v Johnson*, 94 NY2d 600, 614 [2000]; *People v McLean*, 24 AD3d 1110, 1111 [2005]).

Nor was defense counsel's failure to object to this juror "sufficiently egregious and prejudicial" so as to deprive defendant of the effective assistance of counsel (*see People v Caban*, 5 NY3d 143, 152 [2005]). A counsel's decision to challenge a potential juror is a tactical one that this Court will not typically second-

guess (*see People v Henderson*, 45 AD3d 903, 904 [2007]). Moreover, defendant is entitled to a fair trial, not one that is error free (*see People v Fulwood*, 86 AD3d 809, 811 [2011]). Here, our review of the record in its entirety reveals that counsel was prepared, presented a credible defense strategy, made appropriate objections, made comprehensive opening and closing statements and thoroughly cross-examined witnesses. Overall, we are satisfied that defendant was afforded meaningful representation (*see People v Young*, 86 AD3d 796, 799 [2011], *lv denied* 17 NY3d 905 [2011]; *People v Battease*, 74 AD3d 1571, 1575-1576 [2010], *lv denied* 15 NY3d 849 [2010]).

Defendant's remaining contentions, to the extent that they have not been specifically addressed herein, have been considered and are found to be without merit.

Spain, J.P., Rose, Kavanagh and Garry, JJ., concur. Ordered that the judgment is affirmed.