Malone Jr., J.
Appeal from a judgment of the County Court of St. Lawrence County (Richards, J.), rendered June 22, 2009, upon a verdict convicting defendant of the crime of criminal possession of a weapon in the third degree.
Following an incident in 2008 in which defendant entered a private residence, assaulted a female victim therein, stole items from her — allegedly at gunpoint — and then fled to a hotel room, defendant was charged by indictment with robbery in the second degree and criminal possession of a weapon in the third degree. A jury trial scheduled to begin on March 31, 2009 was adjourned until April 7, 2009 and, on March 30, 2009, a pool of potential jurors was directed to appear in court on April 7. Although 11 jurors were selected and sworn on April 7, the following day County Court determined that it had violated Judiciary Law § 525 by requiring the pool of jurors to serve longer than five court days. When defendant refused to waive the violation, the court declared a mistrial. Following the subsequent jury trial, defendant was convicted of criminal possession of a weapon in the third degree only (see Penal Law § 265.02 [5] [ii]). After defendant unsuccessfully moved to set aside the verdict, County Court sentenced him, as a second violent felony offender, to a prison term of 6V2 years, with five years of postrelease supervision. Defendant appeals.
The verdict was based upon legally sufficient evidence and was not against the weight of the evidence. Defendant concedes that he had been convicted of a felony within five years of the instant incident and that the hotel room in which the gun was found was not his home or his place of business (see Penal Law § 265.02 [5] [ii]); he disputes, however, that the evidence *1364 established that he possessed the gun. While there is no evidence that defendant actually possessed the gun in the hotel room, possession can be constructive, which is established by either direct or circumstantial evidence that defendant had dominion and control over the area in which the gun was found (see People v Pinkney, 90 AD3d 1313, 1314 [2011]).
Here, there was evidence at trial that when police searched the hotel room in which defendant was located, along with two other individuals, they discovered the items stolen from the victim, as well as a gun — which was tested and found to be operable — and a bandana matching the description of the bandana that the victim reported that her attacker had worn. One of the individuals in the hotel room with defendant testified that defendant had given him money and told him to reserve and pay for the room because defendant did not have identification. When defendant entered the hotel room, he was carrying a bag and was alone in the room for several hours. When the police arrived on the scene, defendant ran in and out of the bathroom several times. The gun and the items stolen from the victim were later found by police hidden in a ceiling tile in the bathroom. At trial, defendant admitted taking the items from the victim, but denied hiding them in the ceiling or possessing a gun. Although defendant was one of several individuals with access to the hotel room, constructive possession may be found “even though others may have access to [the] premises” (People v Pinkney, 90 AD3d at 1314-1315; see People v Shoga, 89 AD3d 1225, 1227 [2011], lv denied 18 NY3d 886 [2012]; People v Echavarria, 53 AD3d 859, 862 [2008], lv denied 11 NY3d 832 [2008]). Viewed in the light most favorable to the People, the evidence offered at trial was legally sufficient to establish that defendant constructively possessed the gun (see People v Carter, 74 AD3d 1375, 1377 [2010], lv denied 15 NY3d 772 [2010]). Furthermore, although defendant and his witnesses denied that he possessed the gun, viewing the evidence in a neutral light and according deference to the jury’s credibility determinations, we do not find the verdict to be against the weight of the evidence (see People v Bleakley, 69 NY2d 490, 495 [1987]).
As for defendant’s remaining contentions, because a juror’s service begins on the day on which he or she is first required to appear, including any day on which he or she is on telephone standby service, County Court properly dismissed the 11 jurors who had been sworn on April 7, 2009 because they had served in excess of the five court days permitted by Judiciary Law § 525 (see 22 NYCRR 128.8 [a], [b]; 128.9 [b]). Because defend *1365 ant did not object to the court’s declaration of a mistrial, although he had the opportunity to do so, he thereby impliedly consented to it (see Matter of Marte v Berkman, 16 NY3d 874, 875-876 [2011]). Defendant’s double jeopardy argument is without merit because such protection is not triggered until a full jury has been impaneled and sworn (see CPL 40.30 [1]; Matter of Hoffler v Jacon, 72 AD3d 1183, 1184-1185 [2010], appeal dismissed 15 NY3d 768 [2010]; People v Chandler, 30 AD3d 161, 161 [2006], lv denied 7 NY3d 786 [2006]).
County Court did not abuse its discretion by considering during sentencing the victim’s testimony regarding the alleged robbery, inasmuch as the court was entitled to take “into account all of the relevant facts and circumstances surrounding the crime of which [defendant] was convicted” (People v La Veglia, 215 AD2d 836, 837 [1995]). Defendant’s challenge to statements made by the prosecutor during summation is not preserved for review, inasmuch as no objections to such were made at trial (see People v Head, 90 AD3d 1157, 1158 [2011]). Finally, his contention that counsel’s failure to object to such statements deprived him of his right to the effective assistance of counsel is, based on this record, unpersuasive (see People v Fisher, 89 AD3d 1135, 1139 [2011], lv denied 18 NY3d 883 [2012]).
Rose, J.P., Spain, Kavanagh and McCarthy, JJ., concur. Ordered that the judgment is affirmed.