McCarthy, J. Appeal from a judgment of the County Court of Chemung County (Buckley, J.), rendered October 19, 2009, convicting defendant upon his plea of guilty of the crime of robbery in the first degree.
In satisfaction of a seven-count indictment, defendant pleaded guilty to the crime of robbery in the first degree, admitting that he forcibly stole property from the victims while displaying a loaded handgun. County Court sentenced him in accordance with the plea agreement to a prison term of six years followed by five years of postrelease supervision. Defendant appeals.
Defendant contends that the initial stop and detention by the police constituted an arrest requiring probable cause. Defendant urges that, in the absence of any information connecting him to the armed robbery, the arrest was unlawful, thereby rendering the evidence seized from him at the police station inadmissible. We disagree.
Where a police officer reasonably suspects “that a particular person has committed, is committing or is about to commit a felony or misdemeanor, the CPL authorizes a forcible stop and detention of that person” (People v De Bour, 40 NY2d 210, 223 [1976]; see CPL 140.50 [1]). “ ‘[I]n justifying the particular intrusion the police officer must be able to point to specific and articulable facts which, taken together with rational inferences from those facts, reasonably warrant that intrusion’ ” (People v Williams, 305 AD2d 804, 806 [2003], quoting Terry v Ohio, 392 US 1, 21 [1968]; see People v Carney, 58 NY2d 51, 53 [1982]). If *1024 the intrusion involved is of sufficient magnitude, it can constitute an arrest, but not every seizure where a police officer draws his or her gun and handcuffs an individual necessarily elevates the stop to a full-blown arrest (see People v Allen, 73 NY2d 378, 380 [1989]; People v Chestnut, 51 NY2d 14, 20-21 [1980], cert denied 449 US 1018 [1980]; People v Williams, 305 AD2d at 806; People v Bennett, 189 AD2d 924, 925 [1993]).
The evidence at the suppression hearing reveals that two police officers received a radio dispatch of an armed robbery in progress occurring a block away from their location. Although no description of the suspect was provided by the dispatcher, the officers, who arrived at the scene within seconds of the dispatch, observed defendant, the only individual in the area, walking in the driveway alongside the residence. The officers drew their guns and ordered defendant to stop and lay on the ground, at which point defendant was handcuffed, escorted to the patrol car and told that he was being detained pending an investigation. “Where, as here, police officers find themselves in a rapidly developing and dangerous situation presenting an imminent threat to their well-being, they must be permitted to take reasonable measures” (People v Allen, 73 NY2d at 380 [citation omitted]; see People v Bennett, 189 AD2d at 925). Given the extremely short period of time between the report of the armed robbery and the arrival of the officers on the scene, defendant’s presence alongside the residence and the absence of any other individual in the vicinity, the officers were justified in forcibly detaining defendant in order to quickly confirm or dispel their reasonable suspicion of defendant’s possible involvement in the armed robbery (see People v Hicks, 68 NY2d 234, 240-241 [1986]; People v De Bour, 40 NY2d at 223; People v Tyrell, 82 AD3d 1352, 1353-1354 [2011], lv denied 17 NY3d 810 [2011]). Furthermore, defendant was informed that he was being detained, was not questioned during that period of time and was held at the crime scene in order to effectuate showups by the victims of the robbery (see People v Hicks, 68 NY2d at 242-243; People v Chestnut, 51 NY2d at 21). The victims gave a description of the assailant that matched defendant and identified defendant as the perpetrator, with the first identification occurring within 15 minutes of his detainment. Those identifications, together with a gun and other evidence found alongside the residence, provided probable cause for the officers to arrest defendant (see People v Tyrell, 82 AD3d at 1354; People v Tillman, 57 AD3d 1021, 1023 [2008]). Accordingly, the evidence obtained from defendant at the police station was admissible against him (see People v Nesbitt, 56 AD3d 816, 819 [2008], lv denied 11 NY3d 928 [2009]), as were the spontaneous statements he made *1025 during his transport to the police station (see People v Rabideau, 82 AD3d 1283,1284 [2011], lv denied 17 NY3d 799 [2011]; People v Starks, 37 AD3d 863, 865 [2007]).
Next, County Court did not err in denying defendant’s motion to suppress the showup identifications of him at the crime scene. A showup identification is permissible provided it is reasonable under the circumstances and not unduly suggestive (see People v Starks, 37 AD3d at 865). Here, the suppression record establishes that the showup identifications were “conducted in close geographic and temporal proximity to the crime” — approximately 15 to 25 minutes after the officers arrived at the crime scene — thereby satisfying the People’s initial burden as to the reasonableness of the procedure (People v Brisco, 99 NY2d 596, 597 [2003]; see People v Harris, 64 AD3d 883, 883-884 [2009], lv denied 13 NY3d 836 [2009]). Defendant was immediately identified by the victims and the circumstances surrounding the particular identification did not render the procedure unduly suggestive (see People v Harris, 64 AD3d at 884; People v Armstrong, 11 AD3d 721, 722 [2004], lv denied 4 NY3d 760 [2005]).
Defendant’s contention that his plea was not knowingly, voluntarily or intelligently made is unpreserved for our review as there is no indication in this record that he moved to withdraw his plea or vacate the judgment of conviction (see People v Doe, 95 AD3d 1449, 1449 [2012], lv denied 19 NY3d 995 [2012]), and he made no statements during the plea allocution that would implicate the narrow exception to the preservation requirement (see People v DeJesus, 96 AD3d 1295, 1295 [2012]; People v Campbell, 89 AD3d 1279, 1279 [2011]). The failure to make such a motion also renders unpreserved for our review his contention that he was denied the effective assistance of counsel (see People v Iadicicco, 100 AD3d 1147, 1147 [2012]). To the extent that defendant’s assertions of being denied meaningful representation pertain to matters outside the record, they are more properly the subject of a CPL article 440 motion (see People v Aubrey, 73 AD3d 1393, 1394 [2010], Iv denied 16 NY3d 893 [2011]; People v Varmette, 70 AD3d 1167, 1172 [2010], lv denied 14 NY3d 845 [2010]). Finally, by pleading guilty, defendant waived his pro se challenge to the grand jury proceeding (see People v Johnson, 97 AD3d 990, 991 [2012]).
Peters, P.J., Rose and Egan Jr., JJ., concur. Ordered that the judgment is affirmed.