■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DAQUAN K. PERRY, Appellant. [983 NYS2d 699]—

Peters, P.J. Appeal from a judgment of the County Court of Chemung County (Buckley, J.), rendered July 11, 2011, upon a verdict convicting defendant of the crimes of criminal possession of a weapon in the second degree and criminal possession of a weapon in the third degree.

In January 2011, two masked males forcibly entered a private residence, stole money and property from one of the occupants at gunpoint and ejected a round of ammunition into the floor before fleeing. The victim initially followed the assailants and observed them heading across the street towards an apartment complex, but retreated after shots were fired at him. The victim then reported the incident to police and provided the street name "Casanova" as possibly being one of the gunmen. Officers thereafter responded to an apartment within the nearby complex towards which the assailants fled, where defendant and another suspect were detained. Upon searching the apartment, police discovered the clothes that the assailants were reportedly wearing during the robbery, an item of jewelry that had been stolen and a 9 millimeter pistol loaded with ammunition that was determined to be identical to the round that had been ejected during the robbery. Defendant was thereafter charged in a 10-count indictment with crimes stemming from his alleged involvement in the home invasion and possession of the firearm

that was seized. Following a jury trial, he was convicted of one count each of criminal possession of a weapon in the second degree and third degree. Sentenced as a second violent felony offender to an aggregate prison term of seven years with five years of postrelease supervision, defendant now appeals.

Defendant's sole contention on this appeal is that the verdict was against the weight of the evidence because the proof failed to support a finding that he constructively possessed the weapon seized. A person having previously been convicted of a crime is guilty of criminal possession of a weapon in the third degree when he or she possesses an operable firearm (*see* Penal Law §§ 265.01 [1]; 265.02 [1]), and of criminal possession of a weapon in the second degree when such firearm is loaded (*see* Penal Law § 265.03 [3]).[1] "Where, as here, the People proceed upon the theory of constructive possession, they bear the burden of establishing that defendant exercised dominion and control over the contraband or the area where the contraband was found" (*People v Dawson*, 110 AD3d 1350, 1352 [2013] [internal quotation marks, brackets and citations omitted]; *see* Penal Law § 10.00 [8]; *People v Manini*, 79 NY2d 561, 572-573 [1992]). Such constructive possession may be established through either direct or circumstantial evidence (*see People v Brian*, 84 NY2d 887, 889 [1994]; *People v Pinkney*, 90 AD3d 1313, 1314 [2011]), and may be found even though others have access to the contraband or the area where it is located (*see People v Torres*, 68 NY2d 677, 679 [1986]; *People v Pinkney*, 90 AD3d at 1314-1315; *People v Edwards*, 39 AD3d 1078, 1079 [2007]).

The trial evidence established that the residence in which defendant was located and the fruits of the burglary were found belonged to Jacqueline Carter, who lived there with her adult son, Anthony Roberson. When police arrived, one of the officers went around to the rear of the apartment where he witnessed an arm protrude from an upstairs bathroom window and toss out what turned out to be an unloaded revolver. Moments later, as another officer was at the front door questioning Carter, Roberson came down the stairs followed by a female who was staying with Carter while she recovered following hospitalization. After several calls up the stairs by police announcing their presence and ordering anyone else to come down, defendant finally emerged wearing boxer shorts and a white tank top, and sweating profusely. A search of the upstairs portion of the apartment, which consisted of two bedrooms and a bathroom, re-

---

**1.** The People established, and defendant does not dispute, that the firearm in question was operable and that defendant previously was convicted of a crime.

vealed various articles of clothing matching the description of those worn by the assailants in each of the two bedrooms, including some located within the same closet where the loaded pistol was found.

While mere presence in an apartment where contraband is found is insufficient to constitute constructive possession (*see People v Headley*, 74 NY2d 858, 859 [1989]; *People v Edwards*, 206 AD2d 597, 597-598 [1994], *lv denied* 84 NY2d 907 [1994]), the evidence here "established more than [defendant's] mere presence but [his] presence under a particular set of circumstances from which a jury could infer possession" (*People v Bundy*, 90 NY2d 918, 920 [1997]; *see People v Stewart*, 95 AD3d 1363, 1364 [2012], *lv denied* 19 NY3d 1001 [2012]; *People v Pinkney*, 90 AD3d at 1315; *People v Carter*, 74 AD3d 1375, 1377-1378 [2010], *lv denied* 15 NY3d 772 [2010]). The fact that Roberson and Carter's houseguest were also upstairs and had access to the area where the gun was found does not preclude a finding that defendant exercised control over that same area (*see People v Stewart*, 95 AD3d at 1364; *People v Pinkney*, 90 AD3d at 1314-1315). Although defendant testified on his own behalf and, while acknowledging that a robbery was indeed committed, claimed not to have been involved, this created a credibility issue for the jury to resolve.[2] Evaluating the evidence in a neutral light and weighing the probative force of the conflicting testimony and the inferences that can be drawn therefrom, while giving deference to the jury's credibility determinations (*see People v Romero*, 7 NY3d 633, 643-644 [2006]; *People v Bleakley*, 69 NY2d 490, 495 [1987]; *People v Callicut*, 101 AD3d 1256, 1259 [2012], *lv denied* 20 NY3d 1096 [2013]), we do not find the verdict to be contrary to the weight of the evidence.

Lahtinen, Rose and Egan Jr., JJ., concur. Ordered that the judgment is affirmed.

---

**2.** Notably, defendant's narrative of the evening of the robbery conflicted with Carter's testimony in several material respects.