Rose, J.
Appeal from a judgment of the County Court of Albany County (Herrick, J.), rendered November 7, 2011, upon a verdict convicting defendant of the crimes of criminal possession of a weapon in the second degree, criminal possession of a controlled substance in the fourth degree and criminal possession of a weapon in the third degree.
Police officers responded to a 911 call reporting a man with a *1114 gun on a city street and were informed that the suspect had entered a two-family row house. Officers approached the house and, after speaking with a female resident of the first-floor apartment through an open window, ordered her, defendant and their young son out of the building. When defendant, who was on parole at the time, came out of the house, he was identified by the 911 caller as the individual who had brandished a weapon. A security sweep of the building resulted in an officer observing a handgun located in a boot in the first floor hallway leading to defendant’s apartment. Defendant’s parole officer then arrived at the scene and, upon conducting a search of defendant’s apartment, located—among other things—a powdery substance later determined to be heroin. Following a jury trial, defendant was convicted of criminal possession of a weapon in the second degree, criminal possession of a controlled substance in the fourth degree and criminal possession of a weapon in the third degree. County Court sentenced defendant as a persistent violent felony offender to an aggregate term of 20 years to life in prison followed by three years of postrelease supervision. He now appeals.
Defendant challenges the legal sufficiency of the evidence supporting the conviction for criminal possession of a weapon in the second degree on the ground that the People did not establish that he constructively possessed the weapon (see Penal Law § 265.03 [3]). We are not persuaded. Constructive possession can be established by evidence that the defendant had dominion and control over the weapon or the area in which it was found (see People v Dawson, 110 AD3d 1350, 1352 [2013]; People v Stewart, 95 AD3d 1363, 1364 [2012], lv denied 19 NY3d 1001 [2012]). Exclusive access, however, is not required to sustain a finding of constructive possession (see People v Stewart, 95 AD3d at 1364; People v Pinkney, 90 AD3d 1313, 1314-1315 [2011]). Here, the People established that defendant resided in the first-floor apartment with his girlfriend and their young son, and the loaded handgun was found in a man’s boot located in a hallway leading to that apartment among shoes belonging to defendant’s girlfriend and his son. The only other tenant in the building was an elderly woman who lived on the second floor. Although defendant denied ownership of the boots, he admitted that he kept some of his belongings in the hallway, and the People established the presence of his DNA on the weapon. The rational inferences to be drawn from this evidence are sufficient to support the conclusion that defendant exercised dominion and control over the weapon and the area in which it was found (see People v Pinkney, 90 AD3d at 1314-1315; People v Robinson, 72 AD3d 1277, 1277-1278 [2010], lv denied 15 NY3d 809 [2010]).
*1115 Defendant’s contention that the People failed to prove that the heroin found in the apartment was more than an eighth of an ounce, as required to support the conviction for criminal possession of a controlled substance in the fourth degree (see Penal Law § 220.09 [1]), is also without merit. The People presented testimony that the substance, weighing more than five grams, had an aggregate weight over one eighth of an ounce. Defendant’s claim that the substance contained only two grams of heroin is irrelevant because the crime is not based on the weight of the pure drug but on “the weight of the substance which contains the drug, irrespective of the amount of the drug in the substance” (People v Mendoza, 81 NY2d 963, 965 [1993] [internal quotation marks and citation omitted]; accord People v Acevedo, 112 AD3d 985, 986 [2013]).
We likewise find no merit to defendant’s challenges to the pretrial suppression rulings. As an initial matter, we agree with County Court’s conclusion that defendant had no standing to challenge the seizure of the weapon in the boot found in the hallway of the apartment house. Standing requires a defendant to have a legitimate expectation of privacy, which exists where a defendant manifests a subjective expectation of privacy in the place or item searched and there is an objective “expectation of privacy justifiable under the circumstances” (People v RamirezPortoreal, 88 NY2d 99, 108 [1996]). At the suppression hearing, the People established that the layout of the building included a single front entrance that opened into a hallway leading to defendant’s apartment and containing a staircase to the second-floor apartment. Each apartment had its own separate, locked entrance and the hallway was a common area accessible to all tenants and their invitees. Under these circumstances, defendant had no reasonable expectation of privacy in the common hallway and, thus, no standing to challenge the seizure of the weapon found in the boot located there (see People v Ponder, 54 NY2d 160, 166 [1981]; People v Muldrow, 273 AD2d 814, 815 [2000], lv denied 95 NY2d 891 [2000]; People v Murray, 233 AD2d 956, 956 [1996], lv denied 89 NY2d 927 [1996]).
Defendant also challenges the search of his apartment by his parole officer. To be considered lawful, such a search must be rationally and reasonably related to the parole officer’s duty to supervise defendant (see People v Huntley, 43 NY2d 175, 179 [1977]; People v Walker, 80 AD3d 793, 794 [2011]; People v Burry, 52 AD3d 856, 858 [2008], lv dismissed 10 NY3d 956 [2008]). As the evidence at the suppression hearing established that defendant’s parole officer arrived on the scene after defendant had been identified as the person with a gun on the *1116 street by the 911 caller and the gun in the boot had been found, the subsequent search of his apartment to determine whether there was any further evidence of the violation of the conditions of his parole was justified (see People v Nappi, 83 AD3d 1592, 1593-1594 [2011], lv denied 17 NY3d 820 [2011]; People v Walker, 80 AD3d at 794).
Defendant’s claim that the showup identification was unduly suggestive is also without merit, inasmuch as it was “conducted in close geographic and temporal proximity to the crime” (People v Toye, 107 AD3d 1149, 1150 [2013], lv denied 22 NY3d 1091 [2014] [internal quotation marks and citations omitted]; accord People v Stroman, 107 AD3d 1023, 1025 [2013], lv denied 21 NY3d 1046 [2013]). Nor does the fact that defendant was identified while handcuffed and standing with a police officer render the showup unduly suggestive as a matter of law (see People v August, 33 AD3d 1046, 1049 [2006], lv denied 8 NY3d 878 [2007]; People v Armstrong, 11 AD3d 721, 722 [2004], lv denied 4 NY3d 760 [2005]).
Likewise, we find no basis to suppress the statements that defendant made to his girlfriend while waiting to be booked at the police department and while on a telephone line he knew was recorded (see People v Kenyon, 108 AD3d 933, 936 [2013], lv denied 21 NY3d 1075 [2013]; People v O’Hanlon, 252 AD2d 670, 671 [1998], lv denied 92 NY2d 951 [1998]; People v Davis, 168 AD2d 565, 566 [1990], lv denied 77 NY2d 960 [1991]). Nor is there any basis to disturb County Court’s conclusion that the police responded appropriately to the rapidly developing circumstances by taking the safety precaution of detaining defendant based on the report that an individual with a gun had entered the residence from which defendant then emerged (see People v De Bour, 40 NY2d 210, 223 [1976]; People v Stroman, 107 AD3d at 1024; People v Mabeus, 68 AD3d 1557, 1560-1561 [2009], lv denied 14 NY3d 842 [2010]). Further, the subsequent identification of defendant and discovery of the weapon provided sufficient probable cause for his arrest (see People v Stroman, 107 AD3d at 1024; People v Bennett, 189 AD2d 924, 925 [1993]).
Although defendant claims that the People were improperly allowed to elicit testimony from a witness regarding a second weapon found in a hallway closet, the record reveals that defendant opened the door to this questioning by first introducing evidence regarding that weapon. County Court did not abuse its discretion by allowing the People to clarify the issue on redirect with appropriately tailored questions accompanied by an appropriate limiting instruction (see People v Massie, 2 NY3d 179, 183-184 [2004]; People v Wagner, 72 AD3d 1196, 1198 [2010], lv *1117 denied 15 NY3d 779 [2010]; People v Ward, 10 AD3d 805, 806 [2004], lv denied 4 NY3d 768 [2005]).
Defendant’s motion to reopen the suppression hearing was properly denied inasmuch as he did not identify any facts not available at the time of the original hearing and, in any event, the inconsistencies elicited during trial were not pertinent and would not have changed the outcome (see CPL 710.40 [4]; People v Fuentes, 53 NY2d 892, 894 [1981]; People v Tucker, 41 AD3d 210, 211-212 [2007], lv denied 9 NY3d 882 [2007], cert denied 552 US 1153 [2008]; People v DeJesus, 222 AD2d 449, 450 [1995], lv denied 87 NY2d 920 [1996]).
We further note that defendant’s claim of ineffective assistance of counsel is limited to matters outside the record on appeal and is, thus, more properly considered in the context of a CPL article 440 motion (see People v Lohnes, 112 AD3d 1148, 1150 [2013]; People v Cade, 110 AD3d 1238, 1241 [2013], lv denied 22 NY3d 1155 [2014]). Given defendant’s extensive and violent criminal history, we find no abuse of County Court’s discretion or extraordinary circumstances warranting a reduction of his sentence (see People v Pope, 96 AD3d 1231, 1235 [2012], lv denied 20 NY3d 1064 [2013]; People v Portee, 56 AD3d 947, 950 [2008], lv denied 12 NY3d 820 [2009]; People v Jackson, 2 AD3d 893, 897 [2003], lv denied 1 NY3d 629 [2004]). Finally, we have considered defendant’s remaining contentions and find them to be without merit.
Peters, PJ., Lahtinen and Garry, JJ., concur.
Ordered that the judgment is affirmed.