Garry, J.
Appeal from a judgment of the County Court of Schenectady County (Hoye, J.), rendered January 31, 2012, upon a verdict convicting defendant of the crimes of criminal possession of a weapon in the second degree (five counts), criminal possession of stolen property in the fourth degree (three counts), criminal possession of a weapon in the third degree and unlawful possession of marihuana.
In September 2010, defendant allegedly fired a gun in the direction of a vehicle. Shortly thereafter, the City of Schenectady Police Department executed a warrant to search defendant’s residence in the City of Schenectady, Schenectady County. Defendant’s father, mother, sister and brother were in the house during the search, and defendant was found lying on the floor in a stair landing, next to a laundry basket that contained a disassembled semiautomatic pistol. Additional weapons, ammunition and other contraband were “strewn throughout the [residence].” In defendant’s bedroom, the search team found a semiautomatic rifle with a foldable stock, a loaded high-capacity magazine that fit the rifle, several loaded and unloaded magazines that fit the pistol found in the basket, handgun and shotgun ammunition, a bulletproof vest and marihuana. In another bedroom — allegedly that of defendant’s younger brother— the team found a loaded .380 semiautomatic pistol, a loaded .357 magnum revolver and several long guns, shotguns and rifles. Additional rifles were found in the living room, and more firearms and a bulletproof vest with projectile holes in it were found in the basement. Several of the weapons proved to be stolen.
Defendant was charged with various crimes and, following a jury trial, convicted of five counts of criminal possession of a weapon in the second degree, three counts of criminal possession of stolen property in the fourth degree, criminal possession of a weapon in the third degree and unlawful possession of marihuana. He was thereafter sentenced to an aggregate prison term of 15 years with five years of postrelease supervision. Defendant appeals.
Defendant contends that his convictions are not supported by legally sufficient evidence and are against the weight of the evidence in that the People failed to prove that he possessed any of the contraband on which the convictions are based, and further failed to support the conviction for criminal possession of stolen property in the fourth degree premised upon the rifle with the foldable stock with proof that the weapon was operable. Defendant’s contention regarding possession was preserved as to the *1166 convictions involving weapons by his specific trial motion to dismiss, but the motion did not raise that claim as to the conviction for unlawful possession of marihuana, nor did it raise the operability challenge. Accordingly, the latter claims are unpreserved (see People v Gray, 86 NY2d 10, 19 [1995]; People v Hilliard, 49 AD3d 910, 912 [2008], lv denied 10 NY3d 959 [2008]). Nevertheless, in addressing defendant’s weight of the evidence challenge, we necessarily review the adequacy of the evidence supporting the elements of all of the convictions (see People v Danielson, 9 NY3d 342, 348-349 [2007]; People v Hughes, 111 AD3d 1170, 1171 [2013], lv denied 23 NY3d 1038 [2014]).
“Where, as here, the People proceed upon the theory of constructive possession, they bear the burden of establishing that defendant exercised dominion and control over the contraband or the area where the contraband was found” (People v Dawson, 110 AD3d 1350, 1352 [2013], lv denied 23 NY3d 1035 [2014] [internal quotation marks, brackets and citations omitted]; accord People v Perry, 116 AD3d 1253, 1254 [2014]; see Penal Law § 10.00 [8]). Such possession may be shown through direct or circumstantial evidence, and does not require proof that no one else had access to the contraband or the premises (see People v Stewart, 95 AD3d 1363, 1364 [2012], lv denied 19 NY3d 1001 [2012]; People v Pinkney, 90 AD3d 1313, 1314-1315 [2011]). While mere presence in the same location where contraband is found does not prove constructive possession (see People v Edwards, 206 AD2d 597, 597 [1994], lv denied 84 NY2d 907 [1994]), the evidence here established that defendant — who was wearing only boxer shorts when he was found and identified one of the bedrooms where contraband was found as the one where he kept his clothes and belongings — was not merely present in the residence by happenstance at the time of the search, but lived there. When found, he was lying in close proximity to the laundry basket that contained the disassembled weapon, as though he had just placed it there. Further, shortly before the search, he had been seen in physical possession of a weapon by witnesses who identified him as the individual who fired a black handgun in the direction of a vehicle, and, later on the day of the shooting, another witness saw him holding a black semiautomatic pistol. Accordingly, the evidence went beyond defendant’s mere presence in the residence at the time of the search and established “a particular set of circumstances from which a jury could infer possession” of the contraband (People v Bundy, 90 NY2d 918, 920 [1997]; accord People v Perry, 116 AD3d at 1255). The fact that some of the contraband was found in defendant’s brother’s bedroom and other parts of the *1167 house to which family members also had access does not preclude a finding of constructive possession, as such possession may be joint, and all of the items were “readily accessible and available” to defendant (People v Hyde, 302 AD2d 101, 105 [2003], lv denied 99 NY2d 655 [2003]; see People v Torres, 68 NY2d 677, 679 [1986]; People v Smith, 215 AD2d 940, 941 [1995], lv denied 86 NY2d 802 [1995]). Thus, viewed in the light most favorable to the People, the evidence of constructive possession was legally sufficient to support the convictions for which this issue was preserved (see People v Bellamy, 118 AD3d 1113, 1114 [2014]; People v Pinkney, 90 AD3d at 1315; People v Mattison, 41 AD3d 1224, 1225 [2007], lv denied 9 NY3d 924 [2007]). Further, viewing the evidence in a neutral light and according due deference to the jury’s assessments of credibility, the verdict was not against the weight of the evidence (see People v Perry, 116 AD3d at 1255; People v Buchanan, 95 AD3d 1433, 1435 [2012], lv denied 22 NY3d 1039 [2013]).
A firearm must be shown to be operable before it can be the basis of a conviction for criminal possession of stolen property in the fourth degree (see People v Rowland, 14 AD3d 886, 886-887 [2005]; People v Burdash, 102 AD2d 948, 950 [1984]; see generally People v Longshore, 86 NY2d 851, 852 [1995]). This conviction was premised upon a 9 millimeter Luger Kel-Tech Sub 2000 semiautomatic rifle with a foldable stock that was found on the bed in defendant’s bedroom. A detective who participated in the search testified that a high capacity Glock 9 millimeter magazine, loaded with eight live rounds, was found on the floor next to the bed. The detective testified that this magazine was able to function in the rifle and, as a demonstration for the jury, unfolded the stock and inserted the magazine into the weapon. The detective further testified that the rifle was sent to the State Police Crime Lab in accord with the same procedures that he had previously described with reference to other weapons found in the residence; his prior testimony had established that these procedures included test-firing. Thus, the jury could reasonably have inferred that the rifle was operable (compare People v Conde, 34 AD3d 1347, 1348 [2006]; People v Lugo, 161 AD2d 122, 123 [1990], lv denied 76 NY2d 860 [1990]; see also People v Covines, 70 NY2d 882, 883 [1987]; Matter of Shallany S., 11 AD3d 414, 414-415 [2004]), and the verdict on this charge was not against the weight of the evidence (see People v Blake, 172 AD2d 1027, 1027 [1991], lv denied 78 NY2d 962 [1991]).
County Court did not violate defendant’s right to a public trial by closing the courtroom to spectators during the testimony *1168 of one of the People’s witnesses. A defendant’s right to a public trial, although fundamental, is not absolute; a trial court may exercise its discretion to close a courtroom, but must do so “sparingly . . . and then, only when unusual circumstances necessitate it” (People v Hinton, 31 NY2d 71, 76 [1972], cert denied 410 US 911 [1973]; accord People v Jones, 96 NY2d 213, 216 [2001]). Defendant’s objection to the request for closure placed the burden upon the People to establish that an open proceeding would cause “a substantial probability of prejudice to a compelling interest” and to show that a link or nexus existed between that interest and the testimony in question (People v Jones, 96 NY2d at 217; see People v Ward, 6 AD3d 741, 742-743 [2004]). During the hearing on the request for closure, the witness in question testified that, after he agreed to testify in defendant’s trial, he had been threatened and involved in physical altercations on several occasions with individuals who called him a “snitch.” The witness testified that these individuals were local residents and that he had not agreed to testify in any other trials. He stated that he was concerned for his own safety and that of a younger sibling, and stated that he would not testify if required to do so in open court. Finding that the witness was the only person able to testify about defendant’s possession of a handgun between the shooting incident and the search, and taking into account the regular presence in the courtroom of a group of defendant’s relatives and supporters, the small size of the community, the youth of the witness, his intent to remain in the community and his “valid fear,” the court granted the People’s request to close the courtroom to spectators during his testimony. The record supports County Court’s findings; in view of its careful consideration of the matter and the limited scope of the closure, we find no abuse of discretion (see People v Jefferson, 248 AD2d 815, 817-818 [1998], lv denied 92 NY2d 926 [1998]; see generally Waller v Georgia, 467 US 39 [1984]).
Finally, County Court did not violate CPL 300.10 (2) by instructing jurors not to “speculate” about “why other people were or were not arrested.” We reject defendant’s theory that this instruction prejudiced defendant by improperly preventing the jury from considering whether other individuals — specifically, defendant’s parents and siblings — possessed the contraband on which the charges against defendant were based. As previously noted, such consideration would not exclude defendant’s criminal responsibility, as “possession, even if joint, is still possession” (People v Torres, 68 NY2d at 679; see People v Perry, 116 AD3d at 1254). Defendant raised no other objections to the court’s instructions relative to constructive possession, and we *1169 find no shortcomings in the challenged charge (see CPL 300.10 [2]; People v Smith, 215 AD2d at 941).
Peters, EJ., Stein, Egan Jr. and Devine, JJ., concur.
Ordered that the judgment is affirmed.