■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL EDWARDS, Appellant. [1 NYS3d 523]—

Devine, J. Appeal from a judgment of the County Court of Rensselaer County (Ceresia, J.), rendered December 14, 2011, upon a verdict convicting defendant of the crime of criminal possession of a weapon in the second degree.

Various law enforcement officials entered an apartment in the City of Troy, Rensselaer County, that was leased to Beauquisha Anderson, to conduct a search for persons suspected of having been involved in a homicide in New York City. While there, they found defendant lying on a bed in the bedroom, with a handgun located within an arms-length distance on the floor. Defendant was subsequently convicted of criminal possession of a weapon in the second degree following a jury trial and sentenced, as a second felony offender, to a prison term of 15 years, followed by five years of postrelease supervision. Defendant appeals.

We turn first to defendant's contention that, inasmuch as the handgun was seized pursuant to an illegal entry and search of the apartment, County Court erred in denying his motion to suppress such evidence. The People claim that defendant lacks standing to challenge the warrantless entry into Anderson's apartment. However, as County Court found credible defendant's assertion that he was entitled to a reasonable expectation of privacy in Anderson's apartment because he was a frequent guest of hers (*see People v Mason*, 248 AD2d 751, 753 [1998]; *compare People v Ortiz*, 83 NY2d 840, 842-843 [1994]; *People v McMahon*, 238 AD2d 834, 836 [1997]), defendant may now contest the propriety of the warrantless entry into the apartment.

Turning to the merits of defendant's argument, law enforcement "may lawfully conduct a warrantless search of a premises when they have obtained the voluntary consent of a party who possesses the requisite degree of authority and control over it" (*People v Dean*, 46 AD3d 1229, 1231 [2007], *lv denied* 10 NY3d 763 [2008]; *see People v Adams*, 53 NY2d 1, 8-10 [1981], *cert denied* 454 US 854 [1981]; *People v Ortiz*, 87 AD3d 602, 603 [2011], *lv denied* 17 NY3d 954 [2011]). During the suppression hearing, it was revealed that John Downey, a lease enforcement officer, informed a police detective that he believed that Anderson's apartment was vacant and that tenants frequently abandoned their units in the apartment building without provid-

ing notice. Downey further explained that he was authorized to enter apartments in order to ensure that they are secure and not occupied by squatters. Downey averred that he provided law enforcement officers with a key to the apartment because he was concerned that someone other than Anderson may have been staying there. When law enforcement arrived at the apartment and knocked on the door, there was no response and no noise was detected from inside the residence. Although it became obvious to the officers, after having entered the apartment, that it was not vacant, inasmuch as an objective view of the evidence adequately demonstrated that the police reasonably relied in good faith upon Downey's apparent authority to allow entry into the apartment, County Court properly found that the warrantless entry—and resulting seizure of the gun that was in plain view—was not illegal (see People v Adams, 53 NY2d at 8-10; People v Dean, 46 AD3d at 1231; People v Remo, 98 AD2d 843, 844 [1983]).

Nor are we persuaded that the conviction was contrary to the weight of the evidence.* Where, as here, a different outcome would not have been unreasonable, we "must, like the trier of fact below, weigh the relative probative force of conflicting testimony and the relative strength of conflicting inferences that may be drawn from the testimony" (People v McCoy, 89 AD3d 1218, 1221 [2011], lv denied 18 NY3d 960 [2012] [internal quotation marks and citation omitted]; see People v Sheppard, 107 AD3d 1237, 1238 [2013], lv denied 22 NY3d 1203 [2014]). As to this particular issue, defendant only argues that the People failed to establish the element of constructive possession of the handgun at trial. We disagree.

Constructive possession of a weapon "can be established by evidence that the defendant had dominion and control over the weapon or the area in which it was found" (People v Bellamy, 118 AD3d 1113, 1114 [2014]; see People v Dawson, 110 AD3d 1350, 1352 [2013], lv denied 23 NY3d 1035 [2014]). While defendant argues that Anderson and two other individuals had spent the night in the apartment, constructive possession can be found " 'even though others may have access to [the] premises' " (People v Stewart, 95 AD3d 1363, 1364 [2012], lv denied 19 NY3d 1001 [2012], quoting People v Pinkney, 90 AD3d

* Although defendant's general motion to dismiss failed to preserve his legal sufficiency argument (see People v Hawkins, 11 NY3d 484, 492 [2008]), in our review of his claim that the verdict was against the weight of the evidence, we necessarily evaluate whether all of the elements of the charged crime were proven beyond a reasonable doubt (see People v Junior, 119 AD3d 1228, 1229 [2014], lv denied 24 NY3d 1044 [2014]).

1313, 1314-1315 [2011]; *see People v Bellamy*, 118 AD3d at 1114). The People's evidence showed that, when an officer first entered the bedroom in Anderson's apartment, defendant was found lying on his back in a bed. Defendant and a woman who was sitting on the corner of the bed were ordered to raise their hands into the air; however, when the officer realized that he could not fully open the bedroom door, he quickly checked behind the door to confirm that the room was secure. When the officer turned his attention back to defendant, he saw defendant's hands hanging over the side of the bed as he reached in the direction of the gun that was on the floor. As this was occurring, another officer entered the bedroom, and both officers warned defendant to show his hands. Defendant acquiesced and was subsequently taken into police custody. Viewing this evidence in a neutral light and deferring to the jury's credibility determinations, we conclude that constructive possession was established (*see People v Perry*, 116 AD3d 1253, 1255 [2014]; *People v Stewart*, 95 AD3d at 1364; *People v Pinkney*, 90 AD3d at 1315).

As for defendant's claim that he was denied a fair trial due to the People's improper questioning of certain law enforcement witnesses, such assertion was not preserved by raising an objection to the testimony during the trial (*see People v Hughes*, 111 AD3d 1170, 1173 [2013], *lv denied* 23 NY3d 1038 [2014]). Were this issue properly before us, we would disagree that the content of such testimony was unduly prejudicial (*see People v Weber*, 40 AD3d 1267, 1268 [2007], *lv denied* 9 NY3d 927 [2007]; *People v Roberts*, 12 AD3d 835, 837-838 [2004], *lv denied* 4 NY3d 802 [2005]). Nor do we agree that counsel's alleged failure to contest the admission of the police officer's improper testimony or place defendant on the stand, among other purportedly critical missteps, constituted the denial of his right to the effective assistance of counsel. In particular, defendant maintains that certain testimony regarding the circumstances that led the police to Anderson's apartment went beyond the scope allowed by County Court, which had limited the People's proof to that which indicated that officers from the New York City Police Department and United States Marshals Service had come to Troy in order to conduct an investigation. While the witnesses indicated that their professional duties involved searching for "fugitives" or individuals wanted in connection with felony crimes, the court instructed the jury that such background information did not relate in any way to defendant or to the facts of this case. As defendant failed to " 'demonstrate the absence of strategic or other legitimate explanations' for counsel's allegedly deficient conduct" at trial, defendant's claim has been rendered unavail-

ing (*People v Caban*, 5 NY3d 143, 152 [2005], quoting *People v Rivera*, 71 NY2d 705, 709 [1988]; *see People v Jordan*, 99 AD3d 1109, 1110 [2012], *lv denied* 20 NY3d 1012 [2013]).

Finally, defendant claims that his sentence is harsh and excessive. However, in the absence of an abuse of discretion by County Court or the existence of any extraordinary circumstances, we decline to reduce defendant's sentence, which falls within the permissible statutory range (*see People v Appleby*, 79 AD3d 1533, 1534 [2010]; *People v Brown*, 46 AD3d 949, 952 [2007], *lv denied* 10 NY3d 808 [2008]).

McCarthy, J.P., Garry, Lynch and Clark, JJ., concur. Ordered that the judgment is affirmed.