### Supreme Court, Appellate Division
### Third Judicial Department

Decided and Entered:  March 12, 2015                    105216
_____

THE PEOPLE OF THE STATE OF
    NEW YORK,
                        Respondent,

        v                                    MEMORANDUM AND ORDER

PARRISH BUTLER,
                        Appellant.
_____

Calendar Date:  January 7, 2015

Before:  Lahtinen, J.P., Garry, Rose and Devine, JJ.

_____

        James P. Milstein, Public Defender, Albany (Theresa M. Suozzi of counsel), for appellant.

        P. David Soares, District Attorney, Albany (Brittany L. Grome of counsel), for respondent.

_____

Devine, J.

        Appeal from a judgment of the County Court of Albany County (Herrick, J.), rendered May 30, 2012, upon a verdict convicting defendant of the crime of criminal possession of a weapon in the second degree.

        While attempting to flee from pursuing police officers, defendant allegedly discarded a loaded handgun.  He was thereafter arrested and charged with criminal possession of a weapon in the second degree.  Following a jury trial, defendant was found guilty as charged and was subsequently sentenced to 5½ years in prison followed by five years of postrelease supervision.  Defendant now appeals.

We first address defendant's claim that his conviction was against the weight of the evidence.[1]  In particular, defendant limits his argument to the claim that the People failed to prove beyond a reasonable doubt that he constructively possessed the handgun that was secured prior to his arrest.  We disagree.

Constructive possession can be demonstrated where there is evidence – either direct or circumstantial – that defendant exercised "dominion and control over the weapon or the area in which it was found" (People v Bellamy, 118 AD3d 1113, 1114 [2014]; see People v Perry, 116 AD3d 1253, 1254 [2014]; People v Dawson, 110 AD3d 1350, 1352 [2013], lv denied 23 NY3d 1035 [2014]; People v Stewart, 95 AD3d 1363, 1364 [2012], lv denied 19 NY3d 1001 [2012]; People v Pinkney, 90 AD3d 1313, 1314 [2011]). The People presented testimonial evidence of several police officers, including Gregory McGee, who averred that, after hearing a gun shot during his overnight shift, his investigation led him to observe defendant turning a street corner on a bicycle.  When defendant saw McGee's marked police car, he became visibly nervous and immediately clutched the right side of his waistband.  Believing that defendant was armed, McGee exited his vehicle, drew his firearm and ordered defendant to show his hands.  Defendant refused to comply with the directive and a physical encounter ensued.  As McGee holstered his handgun and attempted to grab his taser, defendant fled on his bicycle. McGee then radioed for assistance while pursuing defendant on foot and a responding police officer, Jason Seward, pulled his patrol car onto the sidewalk in order to block defendant.  McGee testified that, as defendant ran around the patrol car, he observed defendant's hand emerge from under his sweatshirt and throw something, which created a sound of "metal hitting the ground."  As Seward continued to pursue defendant, McGee found a

---

[1]  Defendant's nonspecific motion to dismiss was inadequate to preserve his legal sufficiency argument (see People v Hawkins, 11 NY3d 484, 492 [2008]), but our review of his claim that the verdict was against the weight of the evidence requires us to review the sufficiency of the evidence relating to each element of the charged crime (see People v Simmons, 111 AD3d 975, 977-978 [2013], lv denied 22 NY3d 1203 [2014]).

handgun on the sidewalk a few feet from Seward's patrol car. Shortly thereafter, defendant was apprehended and the handgun was later confirmed to contain three rounds of "live" ammunition and one spent shell casing, indicating that the handgun had been fired once.

Conversely, defendant denied that he possessed any weapon on the night in question and averred that he fled from the police officers because he had some marihuana tucked into his underwear. Such testimony created a credibility issue for the jury to decide (see People v Perry, 116 AD3d at 1255). While defendant argues that the verdict is unsupportable due to, among other things, the absence of evidence that the handgun contained his DNA or had been found on his person, "viewing the evidence in a neutral light and according deference to the jury's credibility determinations," we find that defendant had constructive possession of the gun such that the conviction was not contrary to the weight of the evidence (People v Stewart, 95 AD3d at 1364).

Finally, defendant contends that the sentence was harsh and excessive, specifically asserting that, because he was 18 years of age at the time the crime was conducted and had no prior felony convictions, County Court abused its discretion by failing to adjudicate him as a youthful offender. We agree with the People's responsive argument that, inasmuch as defendant was convicted of an armed felony, he was required to demonstrate "mitigating circumstances that bear directly upon the manner in which the crime was committed" (CPL 720.10 [3] [i]; see CPL 720.10 [2] [a] [ii]; People v Brodhead, 106 AD3d 1337, 1337 [2013], lv denied 22 NY3d 1087 [2014]). Here, defendant failed to describe any mitigating factors that may have existed. Moreover, defendant's claim that his "clean" criminal record merits a reduced sentence is lacking in merit, as the record shows that there was a criminal possession of a weapon in the second degree charge pending at the time of his arrest for the instant crime. Thus, we cannot say that County Court abused its discretion or that extraordinary circumstances exist that would require a modification of defendant's sentence (see People v Bellamy, 118 AD3d at 1117; People v Shoga, 89 AD3d 1225, 1232 [2011], lv denied 18 NY3d 886 [2012]; People v Appleby, 79 AD3d

1533, 1534 [2010]).

Lahtinen, J.P., Garry and Rose, JJ., concur.

ORDERED that the judgment is affirmed.

ENTER:

Robert D. Mayberger
Clerk of the Court