*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  April 14, 2016                    106744
_____

THE PEOPLE OF THE STATE OF
    NEW YORK,
                        Respondent,

        v                                    MEMORANDUM AND ORDER

RAQUAD GRAHAM,
                        Appellant.
_____

Calendar Date:  February 10, 2016

Before:  Peters, P.J., Garry, Rose, Devine and Clark, JJ.

_____

        Carolyn B. George, Albany, for appellant, and appellant pro
se.

        P. David Soares, District Attorney, Albany (Michael C.
Wetmore of counsel), for respondent.

_____

Clark, J.

        Appeal from a judgment of the Supreme Court (Breslin, J.),
rendered April 29, 2014 in Albany County, upon a verdict
convicting defendant of the crime of criminal possession of a
weapon in the second degree.

        Defendant was charged with criminal possession of a weapon
in the second degree based on allegations that he discarded a
loaded firearm while being pursued by the police.  Following a
jury trial, he was convicted as charged and sentenced, as a
second violent felony offender, to a prison term of 13½ years,
followed by five years of postrelease supervision.  Defendant
appeals.

Defendant contends that the verdict is not supported by legally sufficient evidence and is against the weight of the evidence because the People failed to prove constructive possession.  In conducting a legal sufficiency analysis, we view the evidence in the light most favorable to the People and evaluate "whether there is any valid line of reasoning and permissible inferences which could lead a rational person to the conclusion reached by the jury on the basis of the evidence at trial and as a matter of law satisfy the proof and burden requirements for every element of the crime charged" (People v Bleakley, 69 NY2d 490, 495 [1987] [internal citation omitted]; see People v Cabey, 85 NY2d 417, 420 [1995]).  As relevant here, a person is guilty of criminal possession of a weapon in the second degree when he or she possesses any loaded firearm outside of his or her home or place of business (see Penal Law § 265.03 [3]).  "Constructive possession can be demonstrated where there is evidence – either direct or circumstantial – that [the] defendant exercised 'dominion and control over the weapon or the area in which it was found'" (People v Butler, 126 AD3d 1122, 1123 [2015], lv denied 25 NY3d 1199 [2015], quoting People v Bellamy, 118 AD3d 1113, 1114 [2014], lv denied 25 NY3d 1159 [2015]; see People v Dawson, 110 AD3d 1350, 1352 [2013], lv denied 23 NY3d 1035 [2014]).  "Such possession . . . 'may be found even though others have access to the contraband or the area where it is located'" (People v Rodwell, 122 AD3d 1065, 1067 [2014], lv denied 25 NY3d 1170 [2015], quoting People v Perry, 116 AD3d 1253, 1254 [2014]; see People v Stewart, 95 AD3d 1363, 1364 [2012], lv denied 19 NY3d 1001 [2012]).

At trial, Albany City Police Officer Steven Sayre testified that he responded to a radio call indicating that defendant, for whom a parole warrant had been issued, had been spotted in a nearby area and that, upon locating defendant, he exited his vehicle and directed defendant to raise his hands and get on the ground.  Sayre asserted that, although defendant initially complied and raised his hands, defendant ultimately turned around, dropped his hands to his waistband and fled.  Sayre stated that he pursued defendant through the rear of a vacant lot and observed him jump over a fence and, as defendant approached another portion of the fence, drop to the ground and begin "making movements with his hands grabbing towards his waistband

or underneath his body." Following defendant's apprehension, a functional, loaded handgun was discovered during a grid search of the path that defendant had traversed. Sayre testified that the weapon was found in the area where defendant had dropped to the ground. DNA retrieved from the weapon was too complex for comparison, but was consistent with DNA from at least two donors, at least one of which was male. Viewing this evidence in the light most favorable to the People, we find that a valid line of reasoning and permissible inferences could lead a rational person to the conclusion reached by the jury that defendant constructively possessed the handgun retrieved after his apprehension (see People v Graham, 107 AD3d 1296, 1297-1298 [2013]; People v Pope, 96 AD3d 1231, 1234 [2012], lv denied 20 NY3d 1064 [2013]). Further, although a contrary verdict would not have been unreasonable if the jury had believed the defense's theory that the weapon was a "community gun" shared by gang members and stashed in the vacant lot, viewing the evidence in a neutral light and according deference to the jury's credibility assessments, we do not find that the verdict is against the weight of the evidence (see People v Butler, 126 AD3d at 1123; People v Mateo, 13 AD3d 987, 988 [2004], lv denied 5 NY3d 883 [2005]; compare People v Graham, 107 AD3d at 1298).

Defendant also argues that he received ineffective assistance of counsel because, among other things, his former attorney filed an untimely motion to dismiss the indictment on the ground that the People did not provide adequate notice of the grand jury presentment so as to "accord [defendant] a reasonable time to exercise his right to appear as a witness" (CPL 190.50 [5] [a]). The record establishes that, prior to indictment, defendant was represented by the Public Defender's office, that the People provided that office with notice of the grand jury proceeding and that attempts were made to notify defendant of the proceeding. However, it is not clear on this record whether the notice afforded defendant an ample opportunity to consult with his counsel about the possibility of appearing before the grand jury, as was his right (see Hurrell–Harring v State of New York, 15 NY3d 8, 21-22 [2010]; see also People v Chapman, 69 NY2d 497, 500 [1987]), and, if he did consult with counsel, whether they reached an agreement on that matter. As the answers to these factual questions, and others, are outside the record,

defendant's claim would require a CPL 440.10 motion (see People v Harrison, 304 AD2d 376, 377 [2003], lv denied 100 NY2d 621 [2003]; see also People v Lasher, 74 AD3d 1474, 1475 [2010], lv denied 15 NY3d 894 [2010]; People v McMoore, 203 AD2d 612, 614 [1994], lv denied 86 NY2d 798 [1995], cert denied 516 US 1096 [1996]).  Moreover, we note that, without more, the failure to timely file a motion to dismiss the indictment on CPL 190.50 (5) grounds does not constitute ineffective assistance of counsel (see People v Wiggins, 89 NY2d 872, 873 [1996]; People v Hogan, 118 AD3d 1263, 1264 [2014], affd 26 NY3d 779 [2016]; People v Harrison, 304 AD2d at 377).  With regard to his remaining claims of ineffective assistance of counsel, upon review of the record as a whole, we are satisfied that defendant received meaningful representation (see People v DeCarr, 130 AD3d 1365, 1368 [2015], lv denied 26 NY3d 1008 [2015]; People v Griffin, 128 AD3d 1218, 1220 [2015]).

Further, we cannot say that Supreme Court abused its discretion or that extraordinary circumstances exist that warrant a modification of defendant's lawful sentence, which was below the statutory maximum (see Penal Law §§ 70.04 [3] [b]; 265.03 [3]; People v Edwards, 124 AD3d 988, 992 [2015], lv denied 25 NY3d 1201 [2015]).  Despite his young age, defendant was a second violent felony offender, having been previously convicted of criminal possession of a weapon in the second degree, was on parole at the time of this offense and had previously violated parole.

Defendant's remaining contentions, including that the indictment was jurisdictionally defective and that Supreme Court abused its discretion in admitting opinion testimony from the DNA analyst, have been thoroughly examined and found to be without merit.

Peters, P.J., Garry, Rose and Devine, JJ., concur.

ORDERED that the judgment is affirmed.

ENTER:

Robert D. Mayberger
Clerk of the Court